## County of Lackawanna *versus* First National Bank of Scranton.

1. The Act of March 31st 1870, providing that state and national banks, upon the payment of a tax of one per centum upon all their capital stock at its par value, shall be exempt from all other taxation upon their shares, capital and profits, is not a law exempting property from taxation, within the provision of sect. 2, art. 9, of the Constitution.

2. The tax which is thereby imposed with the consent of a bank, is a commutation for all other taxes under the laws of the Commonwealth, upon a class of property entirely within the power of the legislature.

3. The banking house of a bank is a part of the capital of the institution represented by its shares of stock, and a tax upon the par value of the shares was a tax upon it. The uses to which the building is applied, such as renting out a portion of it for other than the bank's purposes, will not subject that portion of it to taxation for county purposes.

March 31st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Lackawanna county:* Of January Term 1880, No. 240.

The following case was stated for the opinion of the court in the nature of a special verdict.

On the 19th day of January 1879, the First National Bank of Scranton, Pennsylvania (which is a banking association under the National Bank Act), paid into the state treasury a tax of one per centum upon the par value of all the shares of said bank, having elected to collect the same from the shareholders of said bank, as provided in the Act of Assembly of 31st March 1870, paragraph 4.

Part of its capital and profits is invested in its bank building, situated on Lackawanna avenue, in the city of Scranton, Lackawanna county. The said building is occupied as follows: The main or first floor by the bank as its banking-room ; in the rear of banking-room are two small offices for rent. The second floor is divided into five (5) offices, which are rented by the bank. The third floor is used as a Masonic hall. The basement of the same is occupied by the watchman of the bank and his family, except a small room in the front part of the basement, which is occupied, under lease from the bank, as a shoe shop. The rents from the

said offices and hall amount to eleven hundred dollars ($1100) per annum. The assessed valuation of the bank building is eight thousand ($8000) dollars. The county tax against the bank building for the year 1879 is forty-eight ($48) dollars.

If the court shall be of opinion that the said building is liable to taxation for county purposes, then judgment for the plaintiff for forty-eight ($48) dollars, with costs; if not, then judgment for defendant, with costs. Either party to be at liberty to take out a writ of error.

"If the court shall be of opinion that the part of the bank building rented is subject to the county tax, then judgment for the county of Lackawanna for twenty dollars, with costs."

The 4th section of the Act of 1870, Purd. Dig. 142, Pamph. L. 97, provides that, " In case any bank or savings institution as aforesaid (the previous section having stated that ' all the shares of national banks located within this state, and of banks and savings institutions incorporated by this state shall be taxable ') shall elect to collect annually from the shareholders thereof a tax of one per centum upon the par value of all the shares of said bank or savings institution, and pay the same into the state treasury on or before the 20th day of January in every year, the said shares, capital and profits shall be exempt from all other taxation under the laws of this Commonwealth."

The court, Handley, P. J., was of opinion " that the property named is exempt under the law from the payment of any other tax than that already paid," and entered judgment for the defendant, with costs.

The plaintiff took this writ and assigned this action for error.

*Lemuel Amerman,* for plaintiff in error.—Section 2, article 9, of the Constitution, provides that " all laws exempting property from taxation other than the property above enumerated (public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity) shall be void." It is, therefore, contended that if under this section of the Constitution, an exemption of all taxation over and above one per centum could be allowed, upon the same principle a mere nominal tax might be placed upon the property of any class of property holders, and thus virtually exempt them from taxation. But if this act is not repealed by the Constitution, we ask for it a strict construction.

The power of taxation is an essential attribute of sovereignty, reaching to all property and persons belonging to the body politic. That this power might be exerted upon all alike, and that all might bear their just proportion of the common burdens of government, it has been ordained by the people that " all taxes shall be uniform,

[Lackawanna County v. First Nat. Bank of Scranton.]

upon the same class of subjects, within the territorial limits of the authority levying the tax:" Const. of Penn., art. 9, sect. 1. If, then, the legislature grant an exemption from taxation, nothing should be left to implication, but the extent of the intended release must appear, and be clearly expressed in the legislative act.

Thus the shares, capital and profits of the defendant are exempt from all taxation upon the payment of one per cent. upon the par value of all her shares, while her neighbor pays upon the same class of property one per cent. as city tax, one per cent. as school tax, three-fifths of one per cent. as county tax, three-fifths of one per cent. as poor tax, and one per cent. as special tax; making four and one-fifth per cent. upon the assessed valuation of his property for tax. Why are the taxes not uniform upon the same class of subjects within the same territorial limits? Because one property is owned by a national bank, while the other is owned by an individual. But this bank may hold as its capital and profits only " such real estate as shall be necessary for its immediate accommodation in the transaction of its business:" Act 3d June 1864; Rev. Stat. U. S., 2 ed., sect. 5137, p. 993. It being exempt, then, from taxation only upon its shares, capital and profits, it is exempt only on such real estate as shall be necessary for its immediate accommodation in the transaction of its business.

This court has uniformly held that the statutory provision exempting corporate property from taxation embraced only such property as was essential or necessary for the enjoyment of the franchise of the corporation. It must be used directly and exclusively for the corporate purposes: Lehigh Coal and Nav. Co. v. Northampton Co., 8 W. & S. 334; N. Y. & Erie Railroad Co. v. Sabin, 2 Casey 242; Carbon Iron Co. v. Carbon Co., 3 Wright 251; Lackawanna Iron and Coal Co. v. Luzerne County, 6 Id. 424; St. Mary's College v. Crowel, 10 Kansas 442; Methodist Church v. Ellis, 38 Ind. 3; St. Peter's Church v. Scott County, 12 Minn. 395; State v. Commissioners of Mansfield, 3 Zab. 510; State v. Hancock, 33 N. J. L. (4 Vroom) 315; Detroit Young Men's Society v. Mayor, &c., 3 Mich. (Gibbs) 172; Cincinnati College v. State, 19 Ohio 110; Tucker v. Ferguson, 22 Wall. 527; Meeting House v. City of Lowell, 1 Metc. 538.

*I. J. Post*, for defendant in error.—A part of the capital and profits of the defendant is invested in its bank building, against which a county tax for the year 1879 is assessed. This building is a part of the capital of the bank, and the defendant has paid for the year 1879 the sum fixed by the legislature as the full tax on all its capital and profits for that year. The legislature has decided what amount is equivalent to all the taxes that could be assessed under other laws, and that amount has been paid. This act is a contract between the state holding the taxing power and the defend-

ant, and all banks of the state can accept and become subject to the provisions of the contract; it is not special or exclusive. The act is express in its terms. Nothing is left to implication or to forced construction, and its intent, clearly expressed, is that the capital and profits of the defendant shall be liable to no further taxation. When the act was passed there was no provision of the Constitution of this state that can be claimed to qualify it, and the new Constitution does not affect it. But, even if the restrictions in the new Constitution applied to the act, yet similar legislation has been sustained in states where, in their Constitutions, like provisions as to uniformity of taxation and exemption exist. This is not properly a case of exemption from taxation. Here a sum has been fixed by the legislature as an equivalent for all taxes.

Where the legislature has exercised the power by taxing all the property of a corporation in a specified manner, and has intimated no design to subject it to further burdens, its property will be exempt from taxes imposed by general laws: New York & Erie Railroad Co. *v.* Sabin, 2 Casey 242; Wayne County *v.* Del. & Hud. Canal Co., 3 Harris 351; Osborn *v.* New York & New Haven Railroad Co., 40 Conn. 497; State *v.* Berry, 2 Halst. 80; Camden & Amboy Railroad Co. *v.* Commissioners, 3 Harris 71; Douglass *v.* State, 34 Id. 485; Gordon *v.* Mayor of Baltimore, 5 Gill. 231; Farmers' Bank *v.* Commonwealth, 6 Bush 127; Commissioners *v.* Citizens' Nat. Bank, 23 Minn. 280.

The power of the legislature to commute taxes is not restrained by the provisions (in the state Constitution) of equality or uniformity. It is a practice very general in most of the states to require corporations, such as banks, &c., to pay annually into the treasury a certain amount, and to exempt them from the payment of all other state taxes, and sometimes from the payment of all other taxes: Burroughs on Taxation, p. 66; Cooley on Taxation, pp. 137, 172; Kneeland *v.* Milwaukee, 15 Wis. 454. The capital of a bank embraces all its property, real and personal: New Haven *v.* City Bank, 31 Conn. 106.

The judgment of the Supreme Court was entered May 3d 1880, PER CURIAM.—The fourth section of the act entitled "An Act providing for the taxation of bank shares," passed March 31st 1870, Pamph. L. 42, was not a law exempting property from taxation within the provision of art. 9, sect. 2 of the Constitution. The tax which was thereby imposed with the consent of the bank was a commutation for all other taxes under the laws of the Commonwealth upon a class of property entirely within the power of the legislature. It was in no sense a merely nominal tax, and we need not consider what would be the effect of such a tax amounting to an entire exemption. The banking house was a part of the capital of the institution represented by its shares of stock, and

[Lackawanna County v. First Nat. Bank of Scranton.]

a tax on the par value of the shares was a tax upon it. We do not see that the use to which the building was applied in this case should subject any portion of it to taxation for county purposes.

Judgment affirmed.