Per Curiam,
We affirm this decree upon the opinion of the learned judge of the court below.
Decree affirmed and the appeal dismissed at the costs of the appellants.
Note. — In Lackawanna Co. v. First Nat. Bank of Scranton, 94 Pa. 221, the Act of March 31,1870, which provides, in § 4, that, in case any bank or savings institution shall elect to collect and pay annually a tax of one per centum upon the par value of all the shares of said bank or savings institution, the said shares, capital and profits shall be exempt from all other taxation under the laws of this commonwealth, was held not to be a law exempting property from taxation within article ix, | 2, of the constitution.
This case also holds, in a per curiam opinion, that “ the banking house was a part of the capital of the institution represented by its shares of stock, and a tax upon the par value of the shares wms a tax upon it,” and the bank building was held not liable to taxation for county purposes. This case, decided in 1880, seems necessarily to overrule Farmers’ and Drovers’ Nat. Bank v. Greene Co., 1 Ches. Co. 129, decided in 1874. In the latter case, the building was purchased with the profits or earnings of the bank, but this does not seem to be a distinguishing feature. It is said, in the overruled case, per curiam: “The meaning of the word ‘ shares, capital and profits ’ is made plain by the general course of the state legislature as to taxes upon the shares, capital stock and dividends of corporations. The word capital does not, in the sense of its use in the Act of March 31,1870, refer to real estate ás a portion of the capital of the bank.”
In the case of N. Y. & Erie R. R. v. Sabin, 26 Pa. 242, the railroad was a foreign corporation authorized to extend their road into Pennsylvaniia and, by the Act of March 26,1846, P. L. 179, additional privileges were conferred upon them, in consideration of which they were required to pay into the state treasury the sum of $10,000 annually and it was provided “ that the stock of said company to an amount equal to the cost of the construction of that part of their road situate in Pennsylvania shall be subject to taxation by this commonwealth in the same manner at the same rate as other similar property is or may be subject.” “ It was held that it was the intention of the legislature, as manifest in these provisions, that whatever property of this corporation was included in the cost of construction and thus formed part of its capital stock should be subject to no other taxes than those specified in the Act.” Per Sharswood, J., in East Penna. B. B. Co.’s Case, 1 Walker, 428.
In the East Pa. R. R. Co.’s Case, 1 Walker, 428, it was held that the office buildings, in the city of Beading, situated on a lot two and a half squares from the terminus of the railroad and which was purchased by the company, were taxable as real estate. So also were the following buildings erected upon a tract of 20 acres adjoining the main tract and acquired by right of eminent domain and charged in cost of construction: the machine shops in which the locomotive engines of the road are repaired, the blacksmith shop in ■which the smithwork of the road is done, the carpenter shop in which the passenger and freight cars used on the road are built and repaired, and the paint shop in which new and repaired cars used on the road are painted, “ as they are not necessary parts of the railroad, but merely useful in order to enable them to conduct their operations more profitably and conveniently than if these matters were attended to by persons not in their regular employment.” Per Sharswood, J., 1868. But the oil and waste house where oil and waste are stored, round house, turn tables, coal docks in which coal for locomotives is stored, water station and cattle yard, situated on this tract of 20 acres were held exempt.
In Northumberland Co. v. Phila. & Erie R. R., 8 Cent. R. 531, 20 W. N. C. 381, a repair shop for repairing the freight cars and engines, used upon its road, an oil house and paint shop, an engine aud boiler house, a sujiply room for frogs, switches and other materials used upon its road, a master mechanic’s office, and car inspector’s office, situated on a lot of some 44 acres of land adjacent to the line of the railroad, were held to be exempt from taxation as real estate. In this case, however, the case stated agreed that these buildings were indispensably necessary to the operation of the railroad, which may distinguish it from the East Pa. R. R. Co.’s Case.
*359 On the subject of duplicate taxation, Judge Cooley, in his work on Taxation, after reviewing the cases where the legislature has undoubted power to impose double taxation, says, on page 225: “ There is a sense, however, in which duplicate taxation may be understood — and which we think is the proper sense — which would render it wholly inadmissible under any constitution requiring equality and uniformity in taxation. By duplicate taxation in this sense is understood the requirement that one person or any one subject of taxation shall directly contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once. We do not see, for instance, how a tax on a merchant’s stock distinctively by value could be supported, when, by the same authority and for the same purpose, the same stock was taxed by value as a part of his whole property. This is a very different thing from one tax upon property and another upon the business, though the latter may indirectly reach the property : here is no circumlocution, no question of ultimate effects; but a tax levied twice on the same subject, only under different names. The same may be said of a tax on the property of a corporation and also on the capital which is invested in the property; if the latter is taxed as property, this also is duplicate taxation, and as much unequal as would be the taxation of a farmer’s stock by value when on the same basis it is taxed as a part of his general property. When, for instance, the money paid in as capital of a manufacturing corporation has been invested in buildings and machinery, these are what then represent the capital, and to tax the capital as valuable property distinct from that which then represents it would be to tax a mere shadow; it would be to make the shadow stand for the substance in order that it might be taxed, when the substance itself is taxed directly under its own proper designation. We do not speak here of a taxation of the property and also of the franchise, those being two things, as will be seen further on.”
In the case reported above, the tax as imposed upon the capital stock is for state purposes, while that imposed upon the real estate is for local purposes. These facts seem to take the case out of the rule stated by Judge Cooley above.