Robert W. Lesley and John W. Trinkle, copartners, trading as Lesley & Trinkle; McAvoy & McMichael, Limited; Joseph L. Siner and Josiah Thompson, trading as J. Thompson & Co., Appellants, *v.* J. Sellers Kite and Robert Moore, copartners, now or late trading as J. Sellers Kite & Co., and the City of Philadelphia, Thomas M. Thompson and George S. Webster.

*Municipalities—Powers—Contracts.*

Any fair, reasonable doubt as to the existence of power in a municipal corporation is resolved by the courts against its existence, and therefore denied.

A municipal corporation does not possess, and cannot exercise, any other than the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation,—not simply convenient but indispensable.

The agents, officers or city councils of a municipality cannot bind the corporation by any contract not within the scope of its powers.

As neither principal contractors nor subcontractors have a right of lien on public buildings, or a right to attach money in the hands of a municipality, city councils have no authority whatever, express or implied, to provide a new remedy in the nature of an attachment, lien or trust of any kind whereby subcontractors may enforce payment of their claim out of money due the principal contractor.

Councils of a city of the first class may not by ordinance empower the director of public works to retain money due one of the city's contractors, in order that his creditors, who are not parties to the contract, may proceed by bill in equity, or otherwise against him, and thus have the money applied to their claims.

Argued March 22, 1898.   Appeal, No. 397, Jan. T., 1897, by plaintiffs, from decree of C. P. No. 1, Phila. Co., March T., 1897, No. 1171, dismissing bill in equity.   Before STERRETT, C. J., GREEN, DEAN and FELL, JJ.   Affirmed.

Demurrer to bill in equity.

The material averments of the bill are set forth in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*John G. Johnson,* with him *John Scott, Jr., Henry P. Brown, John A. Siner* and *Joseph J. Broadhurst,* for appellants.—It is perfectly competent for the city of Philadelphia to enter into a contract for the doing of work upon condition that the consideration shall be paid partly to the contractor directly, and partly to those who will aid him in the performance : Sample v. Hale, 34 Neb. 220 ; 2 Beach on Contracts, sec. 1151.

Where a person receives a fund for the purpose of liquidating the indebtedness of one with whom he contracts, such third person may sue directly: Brown v. Title and Trust Co., 174 Pa. 456 ; Benner v. Weeks, 159 Pa. 504.

The contractors by their demurrer admitted that sums are owing to the complainants to the amount stated, nearly suffi-

cient to absorb the retained funds. As they are not entitled to draw the money withheld to compel payment of subcontractors' claims, is there not an equitable right in those interested in the fund thus withheld to demand its collection by a receiver and its appropriation to their benefit? As it was never supposed the contractor would refuse to aid those entitled to the fund in its collection, no remedy for such refusal was expressly provided. Under these circumstances, is it not competent for a court of equity to utilize a fund clearly subject to the equitable claims of the subcontractors: People v. Comptroller, 77 N. Y. 46; Ketchum v. St. Louis, 101 U. S. 314; Roe v. Scanlan, 32 S. W. Rep. 216; Lyman v. City of Lincoln, 38 Neb. 794; Hutchings v. Miner, 46 N. Y. 456; Brewer v. Dyer, 7 Cushing, 337; Bank v. The Mayor, 97 N. Y. 355; Mechanics' and Traders' Nat. Bank v. Winant, 123 N. Y. 265.

*William Findlay Brown*, for appellees.—Section 3 of the ordinance of June 27, 1895, relied upon by complainants for their relief, was repealed by the ordinance of October 25, 1895: Newbold v. Pennock, 154 Pa. 595.

Section 3 of the ordinance of June 27, 1895, if not repealed by the ordinance of October 25, 1895, is ultra vires of councils and void in attempting (1) to provide a new remedy for the collection of debts, and (2) to constitute the city of Philadelphia a trustee to execute a purely private trust: Whelen's App., 108 Pa. 197; Williamsport v. Com., 84 Pa. 487; R. R. Co. v. Ervin, 89 Pa. 75; Klingler v. Bickel, 117 Pa. 326; Norristown v. Norristown Ry. Co., 148 Pa. 87; Philadelphia v. Fox, 64 Pa. 169; Geist's App., 104 Pa. 351; Philadelphia's App., 86 Pa. 179.

The remedy sought by this bill is against public policy, being merely a substitute for an attachment sur judgment against the city of Philadelphia (before, however, obtaining judgment), or for a lien against public works: Erie v. Knapp, 29 Pa. 173; Philadelphia's App., 86 Pa. 179; Philadelphia Granite and Blue Stone Co. v. Douglass, 14 Pa. C. C. R. 234; Peerless Brick Co. v. Philadelphia, 1 Pa. Dist. Rep. 91.

The complainants in this bill are neither parties nor privies to the contract in question, and therefore have no standing in this court to determine any rights thereunder: Brown v. Trust Co., 174 Pa. 443.

A court of equity will not take jurisdiction, much less appoint a receiver, in a case where a plaintiff has a plain and adequate remedy at law, or where there is a mere legal right in dispute: Passyunk Building Assn.'s App., 83 Pa. 441; Paton v. Clark, 156 Pa. 49; Smaltz's App., 99 Pa. 310; Webster v. Clark, 25 Me. 313; Taylor v. Bowker, 111 U. S. 110; Girard Nat. Bank's App., 13 W. N. C. 101; Mining Co. v. Petroleum Co., 57 Pa. 83.

There is no averment in the bill that the defendants are insolvent, which is the only proper basis for the relief sought: Suydam v. Ins. Co., 51 Pa. 398; Philadelphia's App., 5 Norris, 179; Bank v. Mayor, 97 N. Y. 356.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 19, 1899:

This bill, against J. Sellers Kite & Company and others, was filed by the plaintiffs on behalf of themselves, and of all other creditors who, on account of the subject-matter thereof, might join therein and contribute to the expenses thereof.

After making certain averments of fact, as the basis of their claim for equitable relief, the plaintiffs pray that a suitable person be appointed to act as receiver of the fund now in the hands of the city and for other purposes thereinafter set forth, and that the court will order and direct:

"1. That said J. Sellers Kite & Company shall, in conjunction with said receiver, so to be appointed, collect said final estimate under said contract for the benefit of the claimants thereon, who have filed their claims as aforesaid and shall make and deliver to the city of Philadelphia due and proper receipts and releases therefor.

"2. That said J. Sellers Kite & Company shall make and deliver to the city of Philadelphia due and proper receipts for the warrant so to be received from said city for said final estimate, and shall indorse and deliver the same to said receiver, so that the same may be collected and proceeds thereof be received by him.

"3. That said receiver shall, out of the fund so received, after deducting the costs—including fees of the receiver—pay the claims of the plaintiffs and other material men, as filed, with interest so far as said fund may be sufficient, upon receipt of full releases and discharges to the city of Philadelphia and to the defendants, to the extent to which said claims may be paid,

and shall pay over any balance thereof unto the said J. Sellers Kite & Company or their order; and

" 4. General relief."

The averments of fact referred to as constituting the grounds of equitable relief on which the plaintiffs rely are fully set forth in the bill, paragraphs one to eleven, inclusive, and need not be recited here. The sole foundation of their claim, however, is stated in paragraph four, thus:

" The city of Philadelphia, by its ordinance approved June 27, 1895, did authorize and direct the director of public works of said city to enter into certain contracts for the construction of certain main sewers, inter alia, on Allegheny avenue, from the end of the present sewer west of Edgemont street to the Aramingo canal. A copy of said ordinance is attached hereto, marked exhibit ' A.' By section 3 of said ordinance, it is provided:

" The director of public works shall give one month's notice of the date of final payment, and satisfactory evidence shall be furnished that full compensation has been made for all labor due and materials furnished previous to drawing warrant for final payment."

It is upon this section that the plaintiffs rely, in connection with the fact that they furnished labor and materials to J. Sellers Kite & Company, the contractors with the city for the construction of said main sewer; which labor and materials went into said construction, and have never been fully paid for by said contractors.

The ordinance referred to is a general ordinance, containing four sections. The first authorizes the construction of several main sewers, including the one above mentioned, which the defendants, J. Sellers Kite & Company afterwards contracted to build. The second section authorized the director of public works to advertise for proposals and award contracts. The third is quoted in full above; and the fourth authorized the mayor to enter security for damages resulting to private property from the construction of said sewers. The contract awarded to J. Sellers Kite & Company for the sewer above mentioned, although dated August 27, 1895, was not fully executed until it was sanctioned by councils, and security approved by ordinance dated October 25, 1895. In the contract, thus fully executed and approved,

the time and terms of payment are essentially different from provisions of the ordinance on which appellants rely. It provides, inter alia, that, " final and full payment of the balance due to the contractor for main sewers, after all legal and equitable deductions, will be made upon the acceptance and approval of the director of the department of public works, one month after the date of completion, and to the contractor for branch sewers, immediately after the date of the satisfactory completion, provided the whole work and each of its parts, including the streets, be in perfect order." No special reference is made therein to the 3d section of the ordinance of June 27, 1895, or to its provisions. Nor is any reference made to the ordinance itself except in the use of the words, " as authorized by ordinance approved June 27, 1895 ; " and these words evidently refer only to the location and extent of the sewers to be constructed. The defendants demurred on the ground that " upon the face of the bill complainants are not entitled to the relief claimed, and have a full, complete and adequate remedy at law for all things and matters complained of in said bill of complaint."

After hearing and consideration of the demurrer the learned court below, without filing any opinion, entered a decree sustaining the same and dismissing the bill. From that decree this appeal was taken. The specifications of error are necessarily restricted to the two questions suggested by the decree. If the court was right in sustaining the demurrer it must be conceded that dismissal of the bill followed as a matter of course.

We have fully considered the positions taken and so ably discussed by the learned counsel for appellants, but we are not convinced that there is any error in the decree that requires a reversal or modification thereof. On the contrary, we are of opinion that the conclusion reached by the learned court below is correct. It is not our purpose, nor is it necessary to discuss at length the questions presented by the record. There is much force in the contention of appellees' counsel that the 3d section of the ordinance of June 27, 1895, was impliedly repealed by the ordinance of October 25, 1895, approving the contractor's sureties and giving the necessary consent of the city to the con-tract, then and there finally executed, and as it now appears. While the contract thus finally executed by all the parties thereto distinctly specifies time and terms of payment different

from the provisions of said 3d section, we are not prepared to say that there is such irreconcilable conflict as to warrant the conclusion that said section was impliedly repealed by the ordinance of October 25, 1895.

Properly construed, the 3d section of the ordinance relied on by appellants never created, nor was it intended to create, any contractual or other relation between the city and its contractors for municipal improvements, or subcontractors under the latter, or between any of them, that would authorize the maintenance of any such proceeding as that now under consideration. If it did, it would be clearly ultra vires the city councils and also void, as being manifestly in conflict with sound principles of public policy long recognized and firmly established in this commonwealth. As it appears to us, the only clause in said 3d section that suggests even a colorable right to maintain such a proceeding as that now under consideration is the following : " And satisfactory evidence shall be furnished that full compensation has been made for all labor done and materials furnished." We think the attempt to impose this injunction on the director of public works was ultra vires and void.

Appellants' contention proceeds upon the erroneous theory that municipal corporations, or the officers thereof, may do anything—not actually forbidden by law—which the caprice of councils or of executive officers may consider to be for the interests of the municipality. This is a mistake. Nothing is better settled than that a municipal corporation does not possess and cannot exercise any other than the following powers : (1) those granted in express words ; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied : Dillon on Municipal Corporations, sec. 89. It is equally well settled that the agents, officers or city councils of a municipality cannot bind the corporation by any contract not within the scope of its powers : Dillon on Municipal Corporations, sec. 457.

It is unnecessary to multiply authorities for the purpose of showing that city councils have no authority whatever, express or implied, to provide a new remedy in the nature of an attach-

ment, lien or trust of any kind whereby subcontractors may enforce payment of their claim out of money due the principal contractor. On grounds of public policy, the legislature has hitherto withheld from contractors and subcontractors, not only the right of lien on public buildings, but also the right of attaching money in the hands of the city. On the same principle, it cannot be successfully contended that councils may by ordinance empower the director of public works to retain money due one of the city's contractors in order that his creditors, who are not parties to the contract, may proceed by bill in equity or otherwise against him, and thus have the money applied to their claims. In other words, city councils are powerless to provide any remedy to be used as a substitute for attachment or any other remedy which the legislature has heretofore withheld on grounds of public policy or otherwise.

For these and other reasons that might be added we are clearly of opinion that there was no error in sustaining the demurrer and dismissing the bill.

Decree affirmed and appeal dismissed at appellants' costs.