COX v. FIDELITY & DEPOSIT CO. OF MARYLAND.

1. SURETYSHIP—NEGLIGENCE—BOND.
   On demurrer to a declaration based on a contract signed by one defendant as principal and the other as surety to indemnify any person against injury caused by neglect of the principal in the construction of walks, in conformity with regulations of the municipal board of public works requiring protecting barriers and night lamps, a failure to maintain a barrier in a reasonably safe condition, and failure to provide lamps, was within the terms of the bond.

2. SAME—PARTIES—MISJOINDER—ASSUMPSIT.
   An action may be maintained for a breach of the conditions of the bond against both principal and surety, and is not subject to the objection that the cause of action against the principal sounds in tort.

3. SAME—PARTY PLAINTIFF—ACTIONS.
   A person injured by the default may sue upon the bond, although it runs to the city for the benefit of the person injured, with a provision in the recitals thereof that persons injured might bring the action, and without such provision could maintain suit as a person for whose benefit the bond was executed.

4. PLEADING—DECLARATION—TIME.
    An averment that the injury occurred within the period named
    in the bond may be inserted by amendment.

Error to Marquette; Stone, J. Submitted April 6,
1909. (Docket No. 62.) Decided May 26, 1909.

Assumpsit by Margaret Cox against August Anderson
and William Kilbride, copartners as Anderson & Kil-
bride, principals, and the Fidelity & Deposit Company of
Maryland, surety, upon a building contractor's bond. A
judgment sustaining a demurrer to the declaration is re-
viewed by plaintiff on writ of error. Reversed.

*C. F. Button* and *J. M. Edgerton*, for appellant.

*Young & Bell*, for appellees.

BROOKE, J. The plaintiff in this case is a nonresident
of the city of Ishpeming. The defendants Anderson &
Kilbride, a copartnership, were during the year 1906 con-
tractors laying cement sidewalks in said city. The de-
fendant the Fidelity & Deposit Company of Maryland
had executed a bond to the city of Ishpeming. On the
23d day of October, 1906, the plaintiff avers that she was
injured by falling over an uncompleted walk being con-
structed by Anderson & Kilbride; the said walk at the
time being protected by a defective barrier, and unlighted.
She sets up in her declaration the bond in question, as
follows:

"Know all men by these presents that Anderson &
Kilbride, as principal, and Fidelity & Deposit Company
of Maryland, as surety, a corporation duly authorized to
do business in the city of Ishpeming, Marquette county,
Michigan, are held and firmly bound unto the city of
Ishpeming, a municipal corporation in said county and
State, in the sum of one thousand dollars ($1,000.00),
lawful money of the United States, to the payment of
which sum well and truly to be made, we do bind our-
selves, our and each of our heirs, executors, adminis-
trators and assigns, jointly and severally, firmly by these

presents.    Sealed with our seals and dated this 11th day of August, 1906.

"Whereas, the above bounden Anderson & Kilbride desire to engage in the business of laying stone and cement sidewalks, cross-walks or curbs in the city of Ishpeming. And, whereas, the common council of said city, in pursuance of the authority conferred upon it to regulate the construction of sidewalks, cross-walks or curbs, did at a regular meeting held on the 7th day of June, 1906, adopt the following resolution:

" 'Resolved that hereafter all persons, firms and corporations engaged in the business of constructing stone or cement sidewalks, cross-walks and curbs upon contract in the city of Ishpeming shall, before engaging in any such work, file with the board of public works of the city a bond in the penal sum of one thousand dollars, to be executed by such person, firm or corporation to the city of Ishpeming, with such sureties as shall be approved by said board, conditioned to construct said sidewalks, cross-walks and curbs of first-class material, in a good and workmanlike manner, upon and along the grades furnished and established by said board of public works, and to keep the same in good repair for a period of three years from and after the date of such instrument, and to properly support and protect all retaining walls upon the land abutting and adjoining said walks, so as to prevent injury thereto by reason of the construction of said walks, and in all things to abide by and comply with the rules and regulations made by said board of public works governing the construction of said sidewalks, cross-walks and curbs in said city, and also to protect and save said city of Ishpeming free and harmless from all loss and damage caused by said contractor or contractors in and about the construction of said walks. Such bond, when approved and accepted by said board of public works and filed with said board, shall authorize the principal or principals therein to engage in the business of constructing such stone or cement sidewalks, cross-walks and curbs for residents and property owners in the city of Ishpeming for the building season of the calendar year within which the same is filed. Such bond shall be held by said board of public works for the use and benefit of, and may be prosecuted and recovery had thereon by, any person, firm or corporation who may be injured by reason of default in any of the conditions of such bond.'

"Now therefore the condition of this obligation is such that if the said Anderson & Kilbride shall construct and lay all such stone or cement sidewalks, cross-walks and curbs laid by them in said city, of first-class material, in

a good and workmanlike manner, upon and along grades furnished and established by the board of public works, and shall keep the same in good repair for a period of three years from and after the date of this instrument, and shall properly support and protect all retaining walls upon the lands abutting and adjoining which said walks may be laid, so as to prevent injury thereto by reason of the construction of any such walks or curbs, and shall in all things abide by the rules and regulations made by said board of public works governing the construction of said sidewalks, cross-walks and curbs in said city, and shall also protect and save said city of Ishpeming free and harmless from all loss or damage caused by said Anderson & Kilbride in and about the construction of said sidewalks, and shall indemnify, protect and save harmless all persons mentioned in the above resolution and for whose benefit this bond is given (this bond being given in pursuance of and in compliance with the terms of said resolution), then this obligation to be void, otherwise to remain in full force and effect."

The defendant the Fidelity & Deposit Company of Maryland interposed a demurrer based upon four different grounds, as follows:

*First*, that the injury complained of is not within the scope of the bond; *second*, that the plaintiff has here attempted to join an action on the contract against one defendant with an action on the case against the other defendant; *third*, the plaintiff is neither the principal nor the assignee of the bond, and the bond is not assignable; *fourth*, the declaration does not show that the accident happened within any period covered by the bond—that is, within the building season of the year for which the bond was given.

The learned circuit judge sustained the demurrer upon the first ground named, with which conclusion we are unable to agree. The resolution which is a part of the bond contains the following language:

"And in all things to abide by and comply with the rules and regulations made by said board of public works governing the construction of said sidewalks, cross-walks and curbs in said city. * * * Such bond shall be held by said board of public works for the use and benefit of,

and may be prosecuted and recovery had thereon by, *any person, firm or corporation who may be injured by reason of default in any of the conditions of such bond.*"

The condition of the bond is such that if the said Anderson & Kilbride shall—

"In all things abide by the rules and regulations made by said board of public works governing the construction of such sidewalks, cross-walks or curbs in said city, * * * and shall indemnify, protect and save harmless all persons mentioned in the above resolution and for whose benefit this bond is given (this bond being given in pursuance of and in compliance with the terms of said resolution), then this obligation to be void, otherwise to remain in full force and effect."

The declaration sets out that:

"The plaintiff further shows that among the rules and regulations of the board of public works of said city of Ishpeming at the time of the construction of the sidewalk aforesaid and the erection of the barrier aforesaid was a rule and regulation that barriers erected as aforesaid to protect the cement walks as aforesaid should be of sufficient height to prevent persons using said sidewalks from walking into said cement sidewalks, and from falling over said barriers, and that at the same time said board of public works had another rule or regulation that in the nighttime all barriers erected as aforesaid should be properly protected by a light or lamp."

And further that:

"The said Anderson & Kilbride had permitted the said wire barrier to be and remain in a fallen down condition at the place aforesaid so as not to prevent a person from walking on said cement sidewalk or from stumbling over the same, * * * and had utterly neglected and failed to provide any light or lamp at or about the barrier aforesaid so that the same might be seen."

We are of the opinion that a fair reading of the resolution and condition above quoted places the plaintiff among the persons for whose benefit the bond was exacted. The contractors, among other things, were "in all things to

abide by and comply with the rules and regulations made by said board of public works governing the construction of said sidewalks, cross-walks and curbs in said city," and the bond was given by its terms to insure the performance by the contractors of these among their other obligations. The board of public works had rules and regulations requiring the contractors to properly guard and light the walk during construction. The protection of life and limb makes it absolutely necessary that due precaution should be taken in this regard during the period of construction. It seems to us that the first object of the city of Ishpeming in requiring the contractors to give the bond in question may well have been to afford the very protection claimed by the plaintiff in this case. This is peculiarly true because for the default of the contractors in this regard the city itself would not be liable. See *Thompson* v. *West Bay City*, 137 Mich. 94 (100 N. W. 280). It can hardly be said that the using of proper material, the conformation to a proper grade, or protection by proper retaining walls of the adjoining property, are of as much moment as the protection of pedestrians in their lawful use of the streets. The last sentence of the resolution recites :

"Such bond shall be held by said board of public works for the use and benefit of, and may be prosecuted and recovery had thereon by, any person, firm or corporation who may be injured by reason of default in any of the conditions of such bond."

If the averments of the plaintiff's declaration are true, the contractors have made default in the condition of the bond touching the proper protection of the walk, and the plaintiff has been injured by reason of such default. She is therefore one of the persons "mentioned in the above resolution and for whose benefit the bond is given."

The second ground of demurrer is without force, inasmuch as the declaration is based upon the contract made between the contractors and the other defendant with the

city of Ishpeming and the unknown parties described in the resolution and condition of the bond.

As to the third ground, it is sufficient to say that the defendants themselves have agreed, by the execution of the bond, wherein the resolution is recited providing that the same may be prosecuted and recovery had thereon by any person, firm, or corporation who may be injured by reason of any default in any of the conditions of such bond, to this identical method of recovery. Without this provision, however, we think the plaintiff would have a right to maintain her action; she being one of the persons for whose benefit the bond was given. See *Fellows* v. *Gilman*, 4 Wend. (N. Y.) 414.

The bond was executed on the 11th day of August, 1906, and covered the "building season of the calendar year within which the same is filed." The plaintiff received her injury on the 23d day of October, 1906. If necessary, the plaintiff should be permitted to amend, averring that the date of injury was within the building season of 1906.

We think the rule of law that bondsmen are treated as a favored class should receive extremely cautious application to contracts like the one at bar, which is but one of a very large and rapidly growing class where the surety undertakes its liability for hire, and purely as a matter of business, and not of accommodation.

Judgment reversed, and new trial ordered.

BLAIR, C. J., and GRANT, MONTGOMERY, and McAL-VAY, JJ., concurred.