PEOPLE, *for use of* T. B. TOWNSEND BRICK & CONTRACTING CO., *v.* BOWEN.

PRINCIPAL AND SURETY—MUNICIPAL CORPORATIONS—BONDS—PUBLIC BUILDINGS—SURETY BOND—EXTENSION OF TIME.

A surety company having executed a statutory bond for a municipal contractor conditioned upon his paying sub-contractors, laborers, etc., was not released from its obligation on the indemnity agreement which was given for a money consideration, where the contractor paid for part of the

materials furnished by a material man, and, the surety
not consenting, gave a note for ninety days to plaintiff for
the remainder of his account. Some evidence of injury
to the surety is essential to such release.

Error to Lenawee; O'Mealey, J. Submitted April
12, 1915. (Docket No. 49.) Decided July 23, 1915.

Assumpsit by the T. B. Townsend Brick & Contract-
ing Company against William F. Bowen and another
on a surety bond. Judgment for plaintiff. Defendants
bring error. Affirmed.

*Keena, Lightner, Oxtoby & Hanley,* for appellants.

*Charles L. Robertson,* for appellee.

BROOKE, C. J. On April 8, 1911, defendant Bowen
entered into a contract with the city of Adrian to fur-
nish the labor and material to carry out and complete
the paving on East Maumee street, in said city, for a
stipulated sum. He furnished a bond, with the defend-
ant the American Bonding Company as surety, in the
sum of $5,000, conditioned as follows:

"Now the condition of this obligation is such that
if the said William F. Bowen shall pay to any sub-
contractor, or by any such contractor or sub-con-
tractor, as the same may become due and payable, of
all indebtedness which may arise from said contract
to a sub-contractor, or party performing labor or fur-
nishing materials, or any sub-contractor, or any per-
son, firm, or corporation, on account of any labor per-
formed or material furnished in the erection, repairing
or ornamentation of such building, improvement, or
works, then this obligation shall be void; otherwise
the same shall be in full force and effect."

In accordance with the contract, the plaintiff fur-
nished to said Bowen a considerable quantity of brick
to be used upon said paving job. Some payments on
account thereof were made by said Bowen, but on

August 24, 1911, there was an unpaid due balance of $1,729.86. On that date Bowen executed a promissory note at 90 days for $1,700. This note was executed by Bowen at the request of the plaintiff without the knowledge or consent of the surety, the defendant American Bonding Company. Bowen has since been adjudicated a voluntary bankrupt, and the note has not been paid. Suit was brought by the plaintiff against the defendant bonding company upon the bond, resulting in a judgment in favor of plaintiff, which is now reviewed in this court.

It is the contention of counsel for appellants that the case is governed by the holding of this court in *Little* v. *Grant,* 138 Mich. 60 (100 N. W. 1006). That case was one in which the bond was executed by individual gratuitous sureties, and, applying the *strictissmi juris* rule, the bondsmen were held to be released. It is the appellants' claim that the extension of time granted by the use plaintiff to Bowen without notice to or consent from it worked a release of its liability upon the bond. The record contains no evidence that the extension of time granted by the plaintiff to Bowen actually operated to the injury of the defendant bonding company. It seems clear that the old rule applicable to private gratuitous bondsmen is not applicable, where the bond is furnished by a surety company for hire. This view of the rule is indicated by our holding in *Cox* v. *Fidelity & Deposit Co. of Maryland,* 157 Mich. 59 (121 N. W. 494), where this court used the following language:

"We think the rule of law that bondsmen are treated as a favored class should receive extremely cautious application to contracts like the one at bar, which is but one of a very large and rapidly growing class where the surety undertakes its liability for hire, and purely as a matter of business, and not of accommodation."

And further by our holding in the case of *Crystal*

*Ice Co.* v. *Surety Co.,* 159 Mich. 102, 106 (123 N. W. 619).

An examination of the following collection of Federal and State authorities will be found to demonstrate the unanimity of the decisions upon this question: *Chaffee* v. *Fidelity & Guaranty Co.,* 128 Fed. 918 (63 C. C. A. 644) ; *Atlantic Trust, etc., Co.* v. *Town of Laurinburg,* 163 Fed. 690 (90 C. C. A. 274) ; *Baglin* v. *Guaranty & Surety Co.* (C. C.), 166 Fed. 356 ; *United States, etc., Guaranty Co.* v. *United States,* 178 Fed. 692 (102 C. C. A. 192) ; *United States* v. *Fidelity & Guaranty Co.,* 178 Fed. 721 ; *Guaranty Co.* v. *Pressed Brick Co.,* 191 U. S. 416 (24 Sup. Ct. 142) ; *Lesley* v. *Kite,* 192 Pa. 268 (43 Atl. 959) ; *Young* v. *Bonding Co.,* 228 Pa. 373 (77 Atl. 623) ; *Philadelphia* v. *Fidelity & Deposit Co.,* 231 Pa. 208 (80 Atl. 62, Am. & Eng. Ann. Cas. 1912B, 1085) ; *Rule* v. *Anderson,* 160 Mo. App. 347 (142 S. W. 358) ; *Boppart* v. *Surety Co.,* 140 Mo. App. 675, 683 (126 S. W. 768) ; *Hull* v. *Bonding & Insurance Co.,* 86 Kan. 342 (120 Pac. 544) ; *Brandrup* v. *Surety Co.,* 111 Minn. 376 (127 N. W. 424). See, also, cases cited in note to *George A. Hormel & Co.* v. *Bonding Co.,* 112 Minn. 288 (128 N. W. 12, 33 L. R. A. [N. S.] 513), and in note to Am. & Eng. Ann. Cas. 1912B, 1087.

The judgment is affirmed.

KUHN and MOORE, JJ., concurred with BROOKE, C. J.

OSTRANDER, J. (*concurring*). The condition of the bond is that the contractor shall pay all indebtedness which may arise from said contract, as the same may become due and payable, following the statute. It appears that, by agreement between the contractor and the plaintiff, payment was to be made on the 10th of each month for all material shipped the preceding month. Between April 8 and May 2, 1911, plaintiff furnished the contractor 400,000 paving blocks at $18

a thousand; plaintiff paying the freight. The net balance due plaintiff was $4,729.86. The whole account was due June 10, 1911. The contractor paid $1,000 on each of the days May 9th, June 8th, and July 8th, leaving a balance due of $1,729.86. Plaintiff thereafter requested the contractor to execute his 90-day note, drawing 6 per cent. interest, and on August 24, 1911, the contractor did execute his note for $1,700, due in 90 days, bearing interest at 6 per cent. The contractor abandoned his contract with the city of Adrian, which the city completed, and, upon settlement being made, nothing was found to be due to the contractor from the city. Plaintiff demanded payment after the note became due from the contractor and from the defendant surety of the amount of its account; the surety refusing payment for the reason that the note was executed and delivered after the account became due without its knowledge or consent. After this suit was begun, the contractor was adjudged a voluntary bankrupt and has received his discharge in bankruptcy. As is stated in the opinion of Mr. Justice BROOKE, it does not appear affirmatively that the surety was injured by the action of the plaintiff. It is undoubtedly true that the courts have rather uniformly refused to apply, in favor of sureties organized and incorporated for the purpose of executing such bonds for pay, the strict rule which favors private and gratuitous sureties. But as was said by Mr. Chief Justice FULLER, in *Guarantee Co.* v. *Savings Bank & Trust Co.*, 183 U. S. 402, 419 (22 Sup. Ct. 124, 181) :

"This rule cannot be availed of to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition to liability thereon."

I know of no decision which has gone so far as to hold that a contract stipulation of a condition, or of

certain action, as a precedent to the liability of a surety company, may be disregarded and the surety, whatever the consequences to it, be held liable. This and all other cases of similar character must be determined according to the particular facts disclosed, and they cannot be determined by the mere application of a rule, whether we call it a general rule or otherwise. There is no rule which will, in all events, hold the surety liable. A material variation of the contract, which the surety guarantees shall be performed, must be a defense open as well to a corporate as to a private surety. And I think the question to be answered in this case is: Has there been a material variation of the contract? If there has been, then, where the surety is able to show affirmatively an injury arising out of the variation, it should be released.

A somewhat similar case is *Guaranty Co.* v. *Pressed Brick Co.,* 191 U. S. 416 (24 Sup. Ct. 142). In that case the bond was given to secure performance of a contract made with the secretary of the treasury of the United States. The brick company granted to the contractor an extension of time of payment for brick used in performing the contract. The statute of the United States required the bond to be given "with the additional obligations that such contractor or contractors shall promptly make payments to all persons. * * * " The Circuit Court held that the extension did not relieve the surety. The Circuit Court of Appeals certified to the Supreme Court two questions, viz.:

*"First.* Did the action of the brick company on October 1, 1898, in taking two promissory notes, one for the sum of $1,275, and the other for the sum of $2,508.10, for the amount of the brick company's account, then due and payable, one of said notes running for 30 days and the other for 60 days, and each bearing 10 per cent. interest per annum from date, operate to discharge the United States Fidelity & Guaranty Company from its liability, assumed under the provisions of the aforesaid

bond, to pay to the Golden Pressed & Fire Brick Company the amount of said indebtedness?

"*Second.* Did the extension of the time of payment of the balance due from said McIntyre on October 1, 1898, by the taking of two notes in the manner and form aforesaid, operate to discharge the United States Fidelity & Guaranty Company of its liability to pay the amount of said indebtedness to the brick company, irrespective of the question whether said guaranty company did or did not sustain an actual loss or damage on account of such extension?"

Both questions were answered in the negative; the court saying, among other things:

"The facts of this case do not call for an expression of opinion as to whether, if an unusual credit were given, and in the meantime the principal obligor had become insolvent, or the surety were otherwise damnified by the delay, it might not be exonerated; since neither of these contingencies supervened in this case, we are remitted to the naked proposition whether the giving of a customary credit, with no evidence of loss thereby occasioned, is sufficient to discharge the surety. We find no difficulty whatever in answering this question in the negative. The rule of *strictissimi juris* is a stringent one, and is liable at times to work a practical injustice. It is one which ought not to be extended to contracts not within the reason of the rule, particularly when the bond is underwritten by a corporation, which has undertaken for a profit to insure the obligee against a failure of performance on the part of the principal obligor. Such a contract should be interpreted liberally in favor of the subcontractor, with a view of furthering the beneficent object of the statute. Of course, this rule would not extend to cases of fraud or unfair dealing on the part of a subcontractor, as was the case in *United States* v. *Bonding & Trust Co.,* 89 Fed. 925 [32 C. C. A. 420], or to cases not otherwise within the scope of the undertaking."

The *strictissimi juris* rule is a rule of construction, and a relaxation of the rule affects construction. Ought the contract in question here to be so construed that the action of the plaintiff in extending the time

of payment of the contract debt, must be considered a material variance? I think the reasoning of the opinion from which I have quoted, as well as the reasoning of many of the cases cited by Mr. Justice Brooke, require a negative answer. I therefore concur in affirming the judgment.

Steere and Stone, JJ., concurred with Ostrander, J. Bird, J., did not sit.

The late Justice McAlvay took no part in this decision.