## Commonwealth ex rel. v. Klein

*John W. Heller, 3rd,* for City of York.
*Herbert B. Cohen,* for defendant.

ANDERSON, J., March 28, 1949.—Defendant in this proceeding was found guilty by Alderman Raymond Sohl, acting for the Mayor of the City of York, of violating section 4 of an ordinance of the city enacted under date of August 24, 1934, prohibiting disorderly conduct within the city. The maximum fine of $300 was imposed. From this conviction an appeal was taken.

Certain stipulations of counsel were made a matter of record and a motion to dismiss the proceeding was made by counsel. We are now urged to sustain the appeal for the reasons that the City of York had no lawful authority to pass penal legislation comprehending disorderly conduct especially since disorderly conduct was at the time a summary offense under state law, and for this additional reason, that even though the city should be held to have such authority the offense itself was in no way defined in the ordinance. At the argument before the court en banc this second reason was only referred to collaterally and appellant relied chiefly on the first contention.

Section 4 of the city ordinance under which defendant was committed is as follows:

"No person shall in the City of York engage in any disorderly conduct or public nuisance whatsoever, nor shall any person in said City in any way disturb the public peace to the annoyance of the good order and welfare of the inhabitants of the City of York, or any part thereof."

It is apparent from examining the ordinance that nowhere therein is the offense of disorderly conduct defined in any way. It is also admitted that the State legislature by statute had defined and made disorderly conduct a summary proceeding punishable by a maximum fine of $10: Act of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406. The question first presented then is this. Could the City of York, a city of the third class, in 1934 make disorderly conduct within the city an offense punishable by fine or imprisonment by an ordinance duly passed by city council?

Counsel for the city contends that the Third Class City Law of June 23, 1931, P. L. 932, sec. 2403, as amended, is sufficient authority for such legislation, which reads in part as follows:

"In addition to other powers granted by this act, the council of each city shall have power, by ordinance: ...

"To restrain, prohibit, and suppress tippling shops, houses of prostitution, gambling houses, gaming, cock or dog fighting, and other disorderly or unlawful establishments or practices, desecration of the Sabbath day, commonly called Sunday, and all kinds of public indecencies.

"To prevent and restrain riots, noises, disturbances or disorderly assemblies in any street, house, or place in the city.

"In addition to the powers and authority vested in each city by the provisions of this act to make and adopt all such ordinances, by-laws, rules and regulations, not inconsistent with or restrained by the Constitution and Laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the city and its finances, and the maintenance of the peace, good government, safety and welfare of the city, and its trade, commerce and manufactures; and also all such ordinances, by-laws, rules and regulations as may be necessary in and to the exercise of the powers and authority of local self-government in all municipal affairs; and the said ordinances, by-laws, rules and regulations to alter, modify, and repeal at pleasure; and to enforce all ordinances inflicting penalties upon inhabitants or other persons for violations thereof, not exceeding three hundred dollars for any one offense, recoverable with costs, together with judgment of imprisonment, not exceeding ninety days, if the amount of said judgment and costs shall not be paid."

With this we cannot agree for it has been well settled as recently stated in Valley Deposit & Trust Co. of Belle Vernon, 311 Pa. 495, 497, 498, that:

"Nothing is better settled than that a municipal corporation does not possess and cannot exercise any

other than the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied: Dillon on Municipal Corporations, section 89; Leslie v. Kite, 192 Pa. 268, 274, 43 A. 959."

Following this well-recognized principle it is manifestly apparent that the City of York had neither express nor implied power to legislate on the question of disorderly conduct nor was such legislation essential to the declared objects and purposes of the corporation. This question has been decided previously in Pennsylvania and quite recently in the case of City of Johnstown v. Troutman, 60 D. & C. 1, in which Judge Griffith in a very comprehensive and sound opinion came to a similar conclusion, to wit, that since disorderly conduct is an offense under section 406 of The Penal Code of June 24, 1939, P. L. 872, a municipality may not create a substantially identical offense by ordinance. Section 2005 of the Third Class City Law of June 23, 1931, P. L. 932, empowering local police officers to arrest on view for disorderly conduct, refers to this Commonwealth offense and does not impliedly authorize the creation of a municipal offense. Likewise it has frequently been held in Pennsylvania that a borough has no authority to pass duplicate penal legislation to that already enacted by the State in which the principle is precisely the same as involved in the instant case. The general holding of these cases is well epitomized in the following excerpt from Borough of Shippensburg v. Schock, 1 Mun. L. R. 77:

"It certainly would be as novel as unwarranted to hold that the councils of a borough might ordain of-

fenses and designate penalties and punishments in cases where the Legislature has already made enactments for that purpose."

See also Com. v. Scavo, 51 D. & C. 459; Tea v. New Brighton Borough, 4 D. & C. 434; Commonwealth v. Jones, 16 Mun. L. R. 102, and Borough of New Wilmington v. Boyd, 8 Lehigh 175. It is quite significant that the Borough Code was later amended by the legislature to authorize a borough by ordinance to define and punish disorderly conduct by the Act of May 16, 1921, P. L. 581. And also since the decision in the Johnstown v. Troutman case, supra, the legislature has amended the Third Class City Law to include the power to define and punish disorderly conduct in third class cities by the Act of June 10, 1947, P. L. 494. No such ordinance, however, has been ordained by the City of York since the passage of the act although we are informed that one is now pending. Since we find section 4 of the Ordinance of the City of York of August 24, 1934, invalid per se by reason of lack of authority to legislate on the subject, it is unnecessary to discuss at any length the second contention raised to the effect that the ordinance as passed is invalid since it fails to define the offense of disorderly conduct. However, it seems obvious that this contention is also well founded and such has been the holding of other lower courts in this State. In Commonwealth v. Lane, 47 Dauph. 170, this view is adopted by Judge Fox of Dauphin County in the following statement:

". . . it may be that it meant disorderly conduct, but any ordinance which makes some act an offense and adds thereto a penalty, should be specific in what it deems disorderly and to be an offense."

Pursuant to the above conclusions we are therefore of the opinion that the appeal must be sustained and the fine remitted.

And now, to wit, March 28, 1949, after argument and due consideration, it is ordered, adjudged and decreed that the appeal of Abe Klein be and is sustained and that the City of York return to him the fine heretofore imposed.