## Hauser v. Borough of Pottstown

*Wood & Hauser*, for plaintiff.

*C. Edmund Wells*, for defendant.

KNIGHT, P. J., June 29, 1951.—Does the Borough Code confer upon defendant borough authority to condemn a portion of plaintiff's land for municipal airport purposes?

### Findings of Fact

1. Plaintiff is an individual, residing at 1050 Glas-

gow Street, West Pottsgrove Township, Montgomery County.

2. Defendants are the Burgess and Town Council of the Borough of Pottstown, a quasi-municipal corporation of the Commonwealth of Pennsylvania.

3. Under a project jointly sponsored and financed by the Federal Civil Aeronautics Authority and the Pennsylvania Aeronautics Commission, also partially financed and technically assisted by the Montgomery County Commissioners and by public subscription, the borough, at a land cost of $28,000, heretofore acquired and presently owns and operates a class one municipal airport, on a 112-acre tract partly in the borough and partly in the adjoining Township of West Pottsgrove, in Montgomery County.

4. Defendant, deeming it necessary, in order that the airport may be speedily finished, and in order to build required hangars and to accommodate increasing use and provide an additional safety factor, sought to purchase approximately five acres of plaintiff's land adjacent to the airport.

5. Plaintiff refused to sell his land to defendant, whereupon defendant on May 14, 1951, passed an ordinance condemning the above-mentioned 4.965 acres of land, for use as a municipal airport.

The tract so condemned is fully described in the copy of the ordinance attached to plaintiff's bill as an exhibit.

### Discussion

Plaintiff has filed this bill to enjoin defendant from condemning and appropriating a portion of his land for the purposes of a municipal airport. That the acquisition of the land is necessary to the airport project is not denied, and no objections are taken to the proceedings to condemn the property. The sole contention of plaintiff is that defendant, under existing law, has no right or authority to condemn and appropriate his

land for municipal airport purposes, and therefore the ordinance seeking to condemn the same is void.

Before discussing the legal aspects of the case, certain facts of common knowledge, and almost daily observation, should be noted, namely, the increasing use of the airplane for the transportation of passengers, mail, express packages, and freight; that airports require a large area of reasonably level land; that airports must be located reasonably near the centers of population which they serve; that it is difficult and often impossible to find such sites within the corporate limits of boroughs. Defendant borough looks to section 2490 of the Borough Code of July 10, 1947, P. L. 1621, 53 PS §14791, which act entirely revised, consolidated, amended, and reënacted the previous borough code as amended.

Section 2490, supra, provides:

"All boroughs are hereby authorized and empowered to acquire, by lease or purchase, any land, lying either within or without the limits of such boroughs, which, in the judgment of the corporate authorities thereof, may be necessary and desirable for the purpose of establishing and maintaining municipal airdromes, aviation landing fields, and airport facilities.

"The proceedings for the condemnation of lands under the provisions of this act, and for the assessment of damages for property taken, injured or destroyed, shall be conducted in the manner provided by article fourteen of the act to which this is an amendment. The title acquired by the borough exercising the power of condemnation shall be a title in fee simple."

Plaintiff contends that the borough may only acquire land for airport purposes by lease or purchase. Defendant contends that by necessary and reasonable implication, the above quoted section gives the borough the right to acquire the land by condemnation proceedings.

In Lesley, etc., et al. v. Kite, etc., et al., 192 Pa. 268 (1899), it is said (p. 274):

"Nothing is better settled than that a municipal corportion does not possess and cannot exercise any other than the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied."

See also Wentz v. Philadelphia et al., 301 Pa. 261 (1930) ; Kline et al. v. Harrisburg et al., 362 Pa. 438 (1949).

McQuillin on Municipal Corporations, vol. 11, §32.16, at page 281 states:

"Power conferred by implication. It is not necessary that the power to condemn should be conferred upon a municipality by express words, but it is sufficient that it is conferred by a necessary or reasonable implication in the grant of other powers. However, the power to condemn cannot be held to have been delegated unless by express words or clear implication. 'No general rule can be laid down as to when the right to condemn will be implied or inferred, and when not. Such implication will more readily be made in favor of public corporations exercising power solely for the public use and benefit than in favor of private individuals or corporations organized for pecuniary profit'."

Lewis on Eminent Domain, vol. 1, p. 679, §371, states:

"The authority to condemn must be expressly given or necessarily implied. The exercise of the power being against common right, it cannot be implied or inferred from vague or doubtful language, but must be given in express terms or by necessary implication. . . . Such implication will more readily be made in favor of public corporations exercising powers solely for the public

use and benefit than in favor of private individuals or corporations organized for pecuniary profit."

One thing is abundantly clear; the legislature intended to grant to boroughs the authority to acquire land either within or without the borough limits for municipal airports. That is the primary purpose of section 2490, supra. This grant of authority first appears in an amendment to the Borough Code of May 4, 1927, enacted June 9, 1931, P. L. 386. This amendment added section 2490 to the code, and consisted only of paragraph 1 of the section as it now exists. This remained the law until the section was further amended by the Act of May 18, 1933, P. L. 818, sec. 1, when the second paragraph, as quoted above, was added. The Act of July 10, 1947, P. L. 1621, reënacted section 2490 as it appeared after the 1933 amendment. Paragraph 2490, supra, in itself, does not expressly give boroughs the authority to acquire land for airport purposes by condemnation, and we have for determination, whether this authority is granted by reasonable and necessary implication. If the borough does not have the authority to condemn land for airport purposes, then the second paragraph of section 2490 is meaningless and useless.

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable.

"(2) That the Legislature intends the entire statute to be effective and certain": Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552.

The object of section 2490 was to authorize boroughs to acquire land for airport purposes. Airports, as we have noted, require large areas of land, and it would be extremely difficult, if not impossible, to obtain a suitable site under one ownership. If boroughs do not have the authority to condemn land, then the municipality

would be at the mercy of a land owner who did not want to sell, or who demanded an exorbitant and unreasonable price for the property. In this way, the very purpose of the law would be defeated. We do not wish it to be thought that we intimate that the present plaintiff is trying to take advantage of a situation to hold up the borough for an unreasonable price.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions. . . . When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law . . . (4) the object to be attained": Statutory Construction Act, supra, sec. 51.

When the necessity of the law and the object to be attained are considered, we are of the opinion that it was the intention of the legislature to grant to boroughs the right and authority to condemn land for airport purposes, by section 2490 of the Borough Code, supra. We think this authority is fairly implied in the express authority in the section to acquire lands for airports, and is essential to the desired objects and purposes to be attained.

We are also of the opinion that considering the Borough Code as a whole, express authority may be found to support the condemnation ordinance.

Article XIV, sec. 1401 of the code, sets forth specifically a number of things which a borough may acquire by exercising the power of eminent domain, and then follows these words—"and for all other purposes authorized by this act, a borough may enter upon, appropriate, injure, or destroy, private lands, property, or material".

One of the purposes authorized by the act, section 2490, was to permit boroughs to acquire land, either

within or without its boundaries, for a municipal airport. This authority was first given by the amendment of 1931, paragraph 1 of the present act. The words, "by lease or purchase", without the word, "condemn", created considerable doubt as to whether the legislature intended to give to boroughs the authority to acquire by eminent domain, land for airport purposes: so, the next session of the legislature, 1933, added paragraph 2 of section 2490, providing for proceedings for the condemnation of land for airport purposes.

We are of the opinion that when section 2490, as it now exists, is read in connection with section 1401, the intent of the legislature to give boroughs the authority to condemn land for airport purposes, either within or without the borough, becomes clear.

### Conclusions of Law

1. Section 2490 of the Borough Code of July 10, 1947, P. L. 1621, grants authority to the Borough of Pottstown to condemn by ordinance the portion of the premises of plaintiff described in the bill filed in this case.

2. The bill should be dismissed.

3. Plaintiff should pay the costs.

And now, June 29, 1951, it is ordered, adjudged and decreed that the prothonotary mark these findings of fact and conclusions of law filed, to become a part of the record of this case, and enter the following

### Decree Nisi

The bill is dismissed; plaintiff to pay the costs.

Notice to be given by the prothonotary, as required by the rules of equity practice, that unless exceptions shall be filed within 10 days from this date, the decree nisi will become the final decree as of course.