## The New York & Erie Railroad Company *versus* Sabin.

A surrender of the taxing power by the legislature is not to be presumed, unless the intention is evinced by clear and explicit terms.

Where, however, the legislature have exercised the power by taxing all the property of a corporation in a specified manner, and have intimated no design to subject it to further burdens, its property will be exempt from taxes imposed by general laws.

By the acts authorizing a railroad company, incorporated by another state, to locate a part of its road within this Commonwealth, it was required to pay to this state annually a certain sum for the privilege, and also a corporation tax on so much of its capital stock as should be equal to the cost of the construction of that part of the road and its appurtenances as were within this state.

· It was *Held*, That the machine shops, foundries, freight and passenger houses of the company which were used to carry on the business of the road, and the expense of their erection charged to the cost of construction, were not subject to assessment and taxation for state and county purposes, under the Acts of 15th April, 1834, and 29th April, 1844.

· ERROR to the Common Pleas of *Susquehanna county.*

· This was an action of trespass to personal property, brought by the New York & Erie Railroad Company against Benjamin Sabin, for carrying away and converting to his own use 243 cords of wood. The defendant pleaded not guilty.

[New York & Erie Railroad Company v. Sabin.]

On the trial in the court below, the jury found a special verdict, of which the following are the material facts:—

The defendant was collector of state and county taxes for the borough of Susquehanna. The plaintiffs' property in that borough was assessed as follows:—Machine shops, foundries, freight and passenger house, $27,000 valuation. Upon this assessment, the commissioners, in March, 1855, levied a state tax of three mills on the dollar, amounting to $81, and a county tax of six mills, amounting to $162—$243. The plaintiffs, by their attorney, appealed from this assessment, but the commissioners refused to sustain their appeal, but issued their warrant for the collection of the taxes of the borough, including the above.

The plaintiffs paid to the collector the sum of $23.39, and gave him written notice they would hold him responsible if he proceeded to collect the balance.

The defendant, in pursuance of his warrant, levied and sold the wood in question in this suit, which was sufficient to pay the taxes and costs.

The special verdict further found that the plaintiffs are a corporation created by the laws of the state of New York, and that by an Act of Assembly of this state, passed the 16th day of February, 1841, (P. L.     ,) this company were authorized to construct their road in said county, and by a supplement passed the 26th of April, 1846, (P. L.     ,) further privileges were granted to said company, and by the 5th and 6th sections of said act, a tax of ten thousand dollars per annum, after the road was completed, was imposed on the company, together with such further rate of taxation of their stock to an amount equal to the cost of construction of that part of their road situated in this Commonwealth, that similar property in this state is or may be subject to. That the company since the completion of their road in 1851, have annually paid into the treasury of the Commonwealth the said sum of $10,000, and also the taxes assessed upon the cost of constructing the part of their road within this Commonwealth, including the costs of the buildings for which the taxes in dispute were levied.

That the property taxed was built and is maintained for the purpose of working their road, and for no other purpose.

The court below entered a judgment for the defendant.

The plaintiffs sued out this writ of error.

W. and W. H. Jessup, for plaintiffs in error.—There is no right of taxation, on the part of this state, upon the railroad of the plaintiffs, and appurtenances, beyond that provided for by the several statutes which authorize them to build and work their road in this state. All lands held by the company for the purpose of working the road are to be considered appurtenances, and their cost became properly a part of the cost of construction, and tax-

[New York & Erie Railroad Company *v.* Sabin.]

able as such, and not subject to be controlled by general tax laws, or special burdens: Union Bank *v.* The State, 9 *Yerg.* 499; Wallis *v.* Stetson, 2 *Mass. Rep.* 146; People *v.* Manhattan Company, 9 *Wend.* 351; Mayor *v.* Ohio R. R. Co., 6 *Gill* 288.

A specific mode of taxation is provided, which has been paid, and if this tax is sustained, the property will be doubly taxed *for state purposes.*

But it is not liable to taxation in the method claimed, because the property taxed is appurtenant to the road: Wayne County *v.* Delaware & Hudson Canal Co., 3 *Harris* 351; Railroad *v.* Berks County, 6 *Barr* 70; Schuylkill County *v.* Berks County, 1 *J.* 202; Lehigh County *v.* Northampton County, 8 *W. & Ser.* 336.

*Turrell,* for defendant in error.—The exemption is claimed because the statutes giving the privilege to plaintiffs to construct the road, is a contract the burden of which cannot be increased by taxation—and that the property is appurtenant to the road, and therefore exempt.

They are not entitled to the exemption claimed unless it be so *expressly* provided in the statutes.

Taxation is a prerogative of sovereignty, and its relinquishment is not to be assumed by any words which do not indicate a clear intention to abandon it: Prov. Bank *v.* Billings, 4 *Pet.* 514. This is reiterated by this court: Easton *v.* The Commonwealth, 10 *Barr* 450, and Academy of Fine Arts *v.* Philadelphia County, 10 *Harris* 497.

2. Are these works appurtenant to the road? The rule is clearly stated in The Railroad *v.* Berks County, 6 *Barr* 75. Such buildings are said to be "not appurtenant to the road, but to the business done upon it;" and the same is held in Wayne County *v.* Delaware & Hudson Canal Co., 3 *Harris* 351.

The opinion of the court was delivered by

WOODWARD, J.—We are of the opinion that the annual tax of ten thousand dollars imposed upon the company by the 5th section of the Act of 27th March, 1846, was intended to compensate the Commonwealth for the right of way through her territory, and that the tax imposed by the 6th section of said act upon that portion of the company's stock which represents the cost of construction in Pennsylvania was meant to be in lieu of all other taxation of the property of the company within our borders.

Without going into minute inquiries whether, under our decisions, the buildings described in the special verdict are to be considered as indispensable or only as convenient appendages of the road, it is unquestionable, because found in the special verdict, that they were included in the cost of construction," and repre-

sent, in part, the stock which, by the 6th section, is subjected to taxation.

It would be, therefore, to tax these buildings twice if we should sustain the assessment now complained of. If the company should multiply buildings and accumulate lands no way appurtenant or essential to their railroad (supposing their charter would permit such use of their capital), this property would be subject to taxation like any other lands or houses; but for these erections which are fairly included in the cost of construction of their road, they are liable to no other taxes than those specially imposed. The legislative power to impose different or additional taxation, or to subject the buildings mentioned in the special verdict to the operation of our general tax laws, is not to be questioned, for we have held in several cases, and the doctrine may be regarded as firmly settled in this court, that the taxing power of the legislature is subject to no constitutional restraints, and that, if it may be abandoned in favour of chartered companies, the surrender is not to be presumed, but must be evinced by terms so explicit as to leave no doubt of the legislative intention to part with it. When, however, instead of surrendering the power, the legislature have exercised it by taxing all the property of a particular company in a specified manner, and have intimated no design to subject it to any further taxation, we hold the power to be satisfied, and do not add, by judicial implications, burdens which the legislature have not thought fit to impose. In short, the taxing power is wholly legislative, and not at all judicial. If the legislature had meant that the property of this company should be taxable in the ordinary mode under our Acts of Assembly of 15th April, 1834, and the 29th of April, 1844, they would have imposed no special taxation; or, if they meant that the company should be taxable under these acts in addition to the special impositions, they would have said so. Without some word to lead us to that conclusion, we will not infer that both special and general taxation were intended.

It sometimes happens that a *bonus* is demanded and received from a bank or other corporation at the granting of its charter, and afterwards all that class of corporations are expressly subjected to another rate of taxation. No exemption of a particular institution is to be implied from the payment of the *bonus*, for that would be to set up judicial implications against an express exercise of the taxing power. But such cases are broadly distinguished from this case. Here we are called on, not to apply a law expressly including railroad companies, but to apply general tax laws where the legislature have applied those that are special—to presume a double exercise of the taxing power to have been intended in respect of this company. We find no warrant for this either in the terms of legislation or in the decisions of this court. When the company pay the taxes specified in the 5th

and 6th sections before alluded to, they pay all the taxes which, acording to existing enactments, can be legally charged against them.

> And now, May 8th, 1856, this cause having been fully heard and considered, it is ordered and adjudged that the judgment of the Court of Common Pleas of Susquehanna county be reversed and set aside, and that judgment be entered here, in the case stated, in favour of the plaintiff, for the sum of $243 and costs.