# Vickroy et al. *v.* Ferndale Borough.

*Boroughs—Eminent domain—Parks—Appropriation of land—Act of May 14, 1915, P. L. 312-412—Indebtedness in excess of statutory limit—Failure to submit to vote of people—Failure to pay—Mandamus—Courts—Power over process.*

1. Any court having jurisdiction to hear and determine civil cases has control over its own processes of execution, but such power may not be exercised arbitrarily but only when sufficient legal reason is shown for the court's interference.

2. The right of boroughs to appropriate land for park purposes is purely statutory and can be exercised only as the terms and conditions of the statutes have been complied with.

3. Under Section 3 and 4 of the Act of May 14, 1915, P. L. 312-412, giving boroughs the right to appropriate land for public park purposes, a borough will not be liable for the value of land appropriated where the value of such land exceeds one and one-half mills on the dollar of valuation of all property offices, professions, and persons in the borough upon which county taxes are rated and levied, except as the appropriation is approved by a majority vote of the borough.

4. Land appropriated by a borough ordinance for park purposes exceeded in value one and one-half mills on the dollar of the valuation of all property, offices, professions and persons in the borough, and such appropriation was not approved by a majority of the borough electors. The borough was without funds to pay the amount of the award, from which no appeal had been taken and upon which judgment had been entered. The persons whose land had been taken issued a mandamus execution against the borough. At the instance of the borough the court made an order directing the borough to pay on account of the award "annually such an amount as will not exceed a total of one and one-half mills on the dollar, in three years, calculated on the basis of the valuation of property in said borough at the rate as may from time to time be assessed for county purposes," the apparent purpose of such order being to make the writ effective for only so much in any one term of three years as the defendant borough could have been compelled to pay had the indebtedness incurred not been in excess of one and one-half mills on the dollar of the assessed valuation of the borough. *Held,* (1) the question of the appropriation of the property not having been submitted to the electors of the borough, the ordinance making the appropriation imposed no liability upon the borough,

and the judgment was not ripe for final process to enforce its payment, (2) while it would not be in the power of the court to strike such judgment from the record the court has power to open such judgment for purposes of defense and in the present case it would be a clear abuse of discretion not to do so, and (3) the execution should be vacated and set aside.

Submitted Sept. 25, 1917. Appeal, No. 120, Oct. T., 1917, by plaintiffs, from order of C. P. Cambria Co., March T., 1916, No. 75, modifying judgment and mandamus execution, in case of Sarah A. Vickroy and John S. Kenney, Attorney in fact for Helen V. Austin, Emma Vickroy Suter, Laura H. Vickroy, Mary H. West, Edward A. Crueger and Ida Crueger v. Borough of Ferndale. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Petition for modification of judgment and mandamus execution. Before STEPHENS, P. J.

The opinion of the Supreme Court states the facts.

The court entered the order set forth in the opinion of the Supreme Court. Plaintiffs appealed.

*Error assigned* was the order of the court.

*Frank P. Barnhart* and *A. Lloyd Adams,* submitted for appellants.

*D. P. Weimer,* submitted for appellee.

OPINION BY MR. JUSTICE STEWART, January 7, 1918:

By ordinance enacted September 8, 1915, the municipal authorities of the Borough of Ferndale, Cambria County, under the provisions of the Act of May 14, 1915, P. L. 312, appropriated certain real estate belonging to the appellants for park purposes. On the 13th of December following appellants filed a petition praying the court to appoint viewers to assess damages for the land

so appropriated.  On March 6, 1916, the viewers so appointed filed their report in which there was awarded the appellants the sum of $3,700 for damages.  No exceptions were filed to this report, nor was any appeal taken therefrom, and on April 6th following the report was confirmed absolutely.  On April 21st following judgment was entered on the report in favor of the appellants for the sum awarded.  In default of payment of this judgment appellants caused to be issued a mandamus execution against the borough requiring the payment of said judgment out of any unappropriated moneys, or if no such money, then out of the first moneys that should be received by the borough.  Thereupon the borough, by its municipal authorities, filed its petition setting forth the facts we have above stated, with these additional facts:  (1), that the general borough law under which the appropriation of appellants' land was made for park purposes—Act of May 14, 1915, P. L. 312, Chapter IX, p. 412, Article I, Sections 3 and 4—restricts the amount of indebtedness a borough may incur to a sum within one and one-half mills on the dollar of the assessed valuation of the property, offices, professions and persons in the borough upon which county taxes are rated and levied, except with the consent of a majority of electors obtained in the manner provided for in Section 4; that is to say, when an expenditure is contemplated which will exceed such limitation, "the council shall cause the question of such appropriation, purchase or leasing to be submitted to the electors of the borough at the municipal or general election next occurring after the expiration of forty days from the date of such ordinance"; (2), that the amount of damages awarded by the viewers for appropriation of appellants' land, namely, $3,700, exceeds one and one-half mills on the dollar of the assessed valuation; (3), that at the time the whole amount of money unappropriated belonging to the borough was $30.08, and concluded with asking that the court mould the judgment entered and execution so as to permit the

borough to pay the judgment out of the moneys unappropriated or that might come into the hands of the treasurer which may not have been previously appropriated, not to exceed, however, one and one-half mills on the assessed valuation of the borough in any period of three years.    To this petition plaintiff answered, not traversing any of the material facts alleged in the petition, but simply denying the power or jurisdiction of the court to make such order.    On January 1, 1917, without filing any opinion, the court made the following order: "Now, January 1, 1917, upon due consideration the rule heretofore issued is discharged and the order in the above writ of mandamus execution entered to No. 5, September Term, 1916, is modified as follows: The defendant, the Borough of Ferndale, is directed to pay on account of the sum of $3,700 and interest thereon as awarded to the plaintiff, Sarah A. Vickroy, on account of appropriation of land for park purposes by the Borough of Ferndale, annually such an amount as will not exceed a total of one and one-half mills on the dollar, in three years, calculated on the basis of the valuation of property in said borough at the rate as may from time to time be assessed for county purposes."    The appeal is from this order.

We take the case simply as it is presented on the record before us.    It may well be that there are more serious questions underlying than any upon which issue has been joined in this appeal, but if so they must await determination until such time as they come properly before us.    At this time we have nothing to decide except the right and power of the lower court out of which the mandamus issued to modify it in the way it did.    The pleadings raise no question as to the regularity of the judgment on which the mandamus execution issued; nor was the order of the court based on any supposed infirmity of the judgment, but rather, on the contrary, it assumes the validity of the judgment and goes no further than to control the execution process issued thereon.

The questions thus avoided are not subjects of inquiry in the present controversy, however much upon their determination the merits of this case may largely depend in the final adjustment.

It is unquestionable that any court having jurisdiction to hear and determine civil causes has control over its own processes of execution.  This power, however, may not be exercised arbitrarily, but only when sufficient legal reason is shown for the court's interference.  The order made in this case is what it plainly imports—an amendment of the writ of execution that had been issued, —and the court has not left us in doubt as to its purpose, which was to make the writ effective for only so much in any one term of three years as the defendant borough could have been compelled to pay had the indebtedness incurred not been in excess of one and one-half mills on the dollar of the assessed valuation of the borough.

It is a conceded fact that the value of appellants' land or rental thereof exceeded one and one-half mills on the dollar of the assessed valuation of all property, offices, professions and persons in the borough upon which county taxes are rated and levied.  Another fact of which the same may be said is that such valuation or assessment having been ascertained, the question of the appropriation of property was not submitted to the electors of the borough as required by the act of assembly.  From the latter it results that the judgment on which this execution issued, though taken secundem legem, is not a judgment ripe for final process to enforce its payment.  The right of boroughs to appropriate land for park purposes is purely statutory, and it follows that said right can be exercised only as the terms and conditions of the statute have been complied with.  The act under which the appropriation in this case was made— Act of May 14, 1915, P. L. 312—after giving to boroughs the right to appropriate land for public park purposes, provides, in Chapter IX, p. 412, Article I, Section 4, that

"whenever any borough shall by ordinance provide for the appropriation, purchase or leasing of private property for the purposes aforesaid and the value of such property or rental thereof shall alone, or when added to the amount of liability incurred for any of the purposes aforesaid within the preceding three years, exceed one and one-half mills on the dollar of valuation as provided in preceding section, the council shall cause the question of such appropriation, purchase or leasing to be submitted to the electors of the borough at the municipal or general election next occurring after the expiration of forty days from the date of such ordinance." The four following sections of the act provide for public notice to the electors of the proposed submission and the form of the question to be submitted; the one next following provides that "no such question determined negatively by the voters shall be again submitted until one municipal or general election shall intervene." It requires no argument to show that no liability on the part of the borough for this appropriation by ordinance of appellants' land could result, except as the appropriation was subsequently approved by a majority vote of the borough electors in the manner provided for by the act. It was the right of eminent domain that was here attempted to be exercised. This is not a question of enforcing a strict construction of the act of assembly; in plain, unambiguous language, admitting of no two constructions, the act makes it a condition of final appropriation when its value exceeds the one and one-half mills on the dollar of the assessed valuation of the borough, that the taking be approved by a majority of the electors at a vote taken in the way prescribed. It is admitted in the pleadings that no such vote was taken. How, then, could liability result to the borough? But here we have a judgment, regular on its face and entered in accordance with the terms of the act as provided by Section 4 of Chapter IX, 412, which reads as follows: "The final confirmation of the report (of viewers) shall operate as a judgment

against the borough in favor of the party to whom damages have been awarded by the report, or by so much of the report as is confirmed.    Interest is allowed on such judgment from the date of filing the report."    While it would not be in the power of the court to strike such judgment from the record, yet it would unquestionably be in the power of the court to open such judgment for purposes of defense, and upon the allegation of such facts as are here admitted, properly supported, it would be a clear abuse of discretion not to do so.    For present purposes no further reference to the judgment is required, our only object in referring to it was to show that it is at least assailable, and does not in itself show such clear legal right to money claimed and a corresponding duty on the part of the borough as would warrant a mandamus execution for its collection.    Certainly an application made to the court for a mandamus execution under the facts exhibited here would be refused. With the power of the court to control its processes of execution, why should it be denied the power of vacating a process which it would have been compelled to deny had it been asked for?    And this is what should have been done in this case, in order to prevent the process of the court from being abused.

The appeal is sustained; the order of the court is reversed and the mandamus execution is vacated and set aside, at the cost of appellants.