## Valley Deposit and Trust Company of Belle Vernon.

496

Argued March 22, 1933.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James Gregg,* Borough Solicitor, of *Gregg & Gregg,* with him *E. J. McDaniel,* for appellant, in appeal No. 88.

*E. C. Higbee* and *C. C. Crowell,* of *Crowell & Whitehead,* with them *D. E. Bane, Lloyd W. Woodward, E. D. Brown* and *Higbee, Matthews & Lewellyn,* for appellants, in appeals Nos. 103-6.

*Shippen Lewis,* Special Deputy Attorney General, with him *H. George May* and *Felix Piekarski,* Special Counsel, *Thomas G. Taylor,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.

OPINION BY MR. JUSTICE LINN, April 10, 1933:

To the first account of the Secretary of Banking, in possession of Valley Deposit and Trust Company of

Belle Vernon pursuant to the Banking Act of 1923, P. L. 809, exceptions were filed by certain townships of the second class, school districts of the fourth class, and several boroughs, depositors, each exceptant claiming priority in distribution over other depositors on the ground that it was "a political and geographical subdivision of the Commonwealth......and, as such, entitled to the same priority that the Commonwealth..... would be entitled to were it a claimant." The exceptions were dismissed and five exceptants appealed.

They agree that no statute gives them priority, but contend that each "is an arm or branch of the sovereignty of the Commonwealth" and therefore is possessed of "a prerogative right to priority of payment out of the assets of its insolvent debtor." Though without significance, it is not without interest to note that the Commonwealth, by the attorney general, opposes the claim of her agents. "Municipal corporations are agents of the State, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed, and the extent of their powers determined by the legislature, and subject to change, repeal, or total abolition at its will. They have no vested rights in their offices, their charters, their corporate powers, or even their corporate existence. This is the universal rule of constitutional law, and in no state has it been more clearly expressed and more uniformly applied than in Pennsylvania": Com. v. Moir, 199 Pa. 534, 541, 49 A. 351. See, too, McCormick v. Hanover Twp., 246 Pa. 169, 92 A. 195; Com. ex rel. v. Reid, 265 Pa. 328, 108 A. 829; Com. v. Walker, 305 Pa. 31, 156 A. 340. These appellants exist and function pursuant to the Constitution and legislation, most of which now appears in the school, township and borough codes.

As no statute expressly confers on any of appellants the power to exercise the asserted right, our inquiry must be—is the grant of the power implied from what has been expressed. "Nothing is better settled than that

a municipal corporation does not possess and cannot exercise any other than the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied: Dillon on Municipal Corporations, section 89." Leslie v. Kite, 192 Pa. 268, 274, 43 A. 959.

It has never been held, in this State, that the right to exercise this power to assert priority of payment passed by implication to any subordinate governmental agency. As the exercise of the right does not appear to be necessary to such municipalities to enable them to perform that share of the general government entrusted to them, there would seem to be no reason to imply it. There are other considerations of weight that support the presumption (cf. Com. v. Baldwin, 1Watts 54; New York, etc., R. R. Co. v. Sabin, 26 Pa. 242; Booth et al. v. Miller, 237 Pa. 297, 307, 85 A. 457) that the State did not intend to delegate to each of the very numerous bodies of its political subdivisions the exercise of this right, inherent in sovereignty. The legislature has afforded the necessary protection to local funds by expressly providing for the adequate bonding of township and borough treasurers and the depositary of school funds (Acts of July 14, 1917, P. L. 840; May 4, 1927, P. L. 519, section 1105; May 18, 1911, P. L. 309, section 509) and, in addition, special security may be taken: Cf. Cameron v. Christy, 286 Pa. 405, 133 A. 551.

We also think that the theory of implication contended for has been negatived by our decisions concerning other inherent powers of government. In Evans v. Erie Co., 66 Pa. 222, at 228, it was said "That the statute of limitations runs against a county or other municipal corporation, we think, cannot be doubted. The

prerogative is that of the sovereign alone: Nullum tempus occurrit reipublicae. Her grantees, though artificial bodies created by her, are in the same category with natural persons: Glover v. Wilson, 6 Barr 290; City of Cincinnati v. Evans, 5 Ohio St. Rep. 594." See, also, Trustees of Kingston v. Lehigh Valley Coal Co. (No. 1), 241 Pa. 469, 476, 88 A. 763. Nor may these agencies exercise the right of eminent domain unless authorized and, then only, as conditioned by statute: Vickroy v. Ferndale Boro., 259 Pa. 321, 325, 102 A. 958. They may impose taxes (cf. Butler's App., 73 Pa. 448; Banger's App., 109 Pa. 79; Baltimore & Phila. Steamship Co.'s App., 302 Pa. 564, 153 A. 559) and borrow money (Pepper v. Phila., 181 Pa. 566, 37 A. 579; Georges Twp. v. Union Trust Co., 293 Pa. 364, 143 A. 10) and exercise the police power only as authorized by valid legislation (Manorville Boro. v. Flonner, 87 Pa. Superior Ct. 84, 286 Pa. 103, 133 A. 30). In Booth et al. v. Miller, 237 Pa. 297, 85 A. 457, and in Harper v. Consolidated Rubber Co., 284 Pa. 444, 131 A. 356, decision turned on statutes prescribing priority. In the case of the South Phila. State Bank's Insolvency, 295 Pa. 433, 145 A. 520, it was held, in the absence of statute, that the right to preference over other depositors did not pass to a surety desiring subrogation to the preferential right of the state upon making good the deposit in accordance with its bond.

It is unnecessary to extend this opinion by referring in detail to the decisions cited in the briefs from other jurisdictions beyond saying that an examination of them shows that the overwhelming weight of authority is in accord with our conclusion.

In each of the five appeals, the order is affirmed.