## Sharpsburg Borough Annexation Case.
## O'Hara Township Appeal.

Argued April 16, 1948.  Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William S. Doty,* with him *Robert H. Ireland,* for appellant.

*E. B. Strassburger,* with him *E. B. Strassburger, Jr.,* and *Strassburger & McKenna,* for appellee.

*J. Alfred Wilner,* with him *Arnold D. Wilner* and *George C. Mantzoros,* for intervenor, appellee.

OPINION BY RENO, J., July 23, 1948:

Acting in strict conformity to the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.1 et seq., a portion of the Township of O'Hara, appellant, was annexed to the Borough of Sharpsburg, appellee. The proceeding was initiated by an ordinance enacted by the borough on October 13, 1947, and consummated by the final order of the court below on December 30, 1947. Exceptions to the final order were later dismissed as of the date of the final order.

In the court below and here appellant contended that the Act of 1939 was not in force at any time during the progress of the annexation proceeding, since it had been repealed by The General Borough Code approved July 10, 1947, P. L. 1621, 53 PS §12221, et seq. The latter Act (§3501, 53 PS §15281) *does* specifically repeal the Act of 1939, and admittedly the annexation proceedings were not conducted according to the procedure provided by the Act of 1947.

The Act of 1947, §108, 53 PS §12229, provides: "This reenactment, revision, amendment and consolidation of the borough law shall become effective on the first day of July, one thousand nine hundred and forty-seven." It was approved by the Governor on July 10, 1947.

The court below held that the Act of 1947, notwithstanding the legislative directive for July 1 and the Governor's approval on July 10, did not become effective until January 1, 1948, relying upon the Statutory Construction Act, as amended by the Act of June 3, 1941, P. L. 82, 46 PS §504, which provides: "Laws affecting the budget of any political subdivision, enacted finally at a regular session of the Legislature, shall be in full force

and effect at the beginning of the fiscal year of the political subdivision affected following the date of the final enactment of such law unless a different date is specified in the law itself."

The question is: When did the Act of 1947 become effective? On July 1 or July 10, 1947, or January 1, 1948?

The case is not without its difficulties and the industry of counsel and our own research have not unearthed in this or any other jurisdiction any case deciding the precise question here raised, although several shed light upon some of its phases. See Annotations, 132 A. L. R. 1060; 146 Id. 693.

The problem requires us to search for the legislative intent in the ways open to judicial inquiry, and a preliminary statement of relevant general principles is in order. At common law statutes took effect from the first day of the session of the Parliament which enacted them, unless a different date was designated. This doctrine of relation was changed in England by 33 Geo. III c 13 (1793). But in Pennsylvania the effective date has always been the date of the Governor's approval unless the statute fixed another date. *Duffy v. Cooke*, 239 Pa. 427, 432, 86 A. 1076. The Statutory Construction Act, supra, provides that all laws, with exceptions to be noted, enacted at regular sessions, shall be effective on the first day of September following final adjournment, while those enacted at extraordinary sessions become effective immediately, unless in either case a different date is specified in the law itself. Appropriation acts become effective on the first day of June following their final enactment, but should an appropriation act be passed after June first, although the fiscal year has already begun, it becomes effective on the date of approval. The rule relating to laws affecting the budgets of political subdivisions has been stated.

The Statutory Construction Act, §51, 46 PS §551, provides: "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of

the Legislature. Every law shall be construed, if possible, to give effect to all its provisions." The same section also provides that, inter alia, "the circumstances under which it was enacted" and "the contemporaneous legislative history" may be considered in ascertaining the legislative intent.

The legislative history of the bill which became the Act of 1947, supplied by the Legislative Reference Bureau, shows no design to have the statute become effective as of a date prior to its approval. July 1 was designated as the effective date in the expectation that the bill would be passed and approved *before* that date. The bill, containing the effective date provision in the exact form finally enacted, was introduced in the House on April 2, 1947, and in that form was finally passed by both houses on June 13. Doubtless it would have been approved within the normal ten-day period allowed for the Governor's consideration had the legislature remained in session. It adjourned sine die on June 16, and the Governor's period for action was enlarged to thirty days. Constitution, Art. IV, §15. Thereby the legislative intent was defeated by its action in adjourning before the expiration of the ten-day period. But it is abundantly clear that the legislature did not purpose retroactive operation of the statute. It was looking forward, not backward; it did not seek to accelerate effectiveness by designating a date antecedent to approval; it contemplated postponement of effectiveness to a date after approval. When the legislature fixes a future effective date it stamps its prospective character on its face. *Dewart v. Purdy*, 29 Pa. 113. Since the effective date designated by the legislature was not intended to render the act retrospective, it served no purpose whatever after the date of approval. It follows that, but for the operation of other statutory provisions, the Act would have become effective on the date of approval, July 10.

Maryland seems to have been the only state which has dealt with this problem, and it has passed only upon

one facet of the question here involved. The legislature of that state enacted May 1 the effective date of an act it had passed. Its Governor approved it on May 26. The case, *Robey v. Broersma,* was twice before the Court of Appeals. After the first argument the court declared the act void, holding: "When the legislative body expressly declares that an Act shall take effect on a certain and reasonable date, the presumption is that it intended it to take effect on that particular date, and on no other": 26 A. 2d 820, 824. But, after a reargument that decision was overruled, and the act was held effective on the date of approval. 181 Md. 325; 29 A. 2d 827; 146 A. L. R. 687. Some portions of its opinion have relevancy here. As to the presumption of legislative intent, the court said: "When the Legislature passed the act . . . , it must be presumed to have passed it in the knowledge that under the Constitution, under . . . the Code, and under the construing decisions, it need not be presented to the Governor prior to May 1, and that it might not be signed by him until after that date." Again, on the same principle: "We must find that the Act of 1941 was passed in the light of the possibility which did occur, and that the Legislature intended it to be effective on May 1 or as soon thereafter as it was approved." Adverting to the clause fixing the effective date, the court said: "There is a further rule . . . which holds that where a part of a statute may be clearly void and yet the remainder will carry out the legislative purpose, the unobjectionable part will be enforced."

The rationale of the Maryland case, which we adopt, is that the effective-date clause became void by the circumstance that it was not approved before that date. If then the provision fixing July 1 as the effective date cannot operate for that purpose, it is not effective for any purpose, and it must be totally disregarded. The Act must now be read as though that provision were not in it. This conclusion does not violate the legislative admonition "to give effect to all its provisions", for that rule

applies only when and "if possible", and it is not possible, in the light of the legislative history, to give effect to July 1. Even the able counsel for appellant, whose helpful brief evinces thoughtful consideration of the problem, has been obliged to disregard July 1 in the argument that July 10 is the effective date.

Having arrived at this point, the other questions are answered by the Statutory Construction Act. As pointed out in the Maryland case, and more elaborately discussed by Judge ENDLICH in his "Interpretation of Statutes" (§8), there has always been a presumption that the legislature framed and passed laws with reference to judicially devised rules of construction. Naturally, the presumption became stronger when the legislature itself codified the rules in the Statutory Construction Act. Hence it must be presumed that it was within the legislative intention that should the bill be approved after July 1 its effective date should be determined under the Statutory Construction Act, and under that statute it would have become effective on September 1 had it not affected the budget of a political subdivision.

That the Act of 1947 does "affect the budget of any political subdivision" is altogether clear. We need not stop to inquire whether the clause postpones the operation of an entire act or only those parts of it which actually touch upon and affect the budget. "Budget", as employed in the Act, means not only the formal statement of anticipated revenues and contemplated expenditures; it includes every fiscal factor, and therefore every provision in a statute, which affects the finances of the political subdivision. Hence a change in the method of annexation, involving as it inevitably must, an adjustment of indebtedness, an apportionment of taxes, and the extension of police protection and other municipal services to the annexed territory, affects the budget. *Appellant's* brief states the proposition accurately: "It must be conceded that this proceeding violently affects the budgets both of Sharpsburg and of the Township of

O'Hara, by purporting to take valuable taxable property from the latter and to give it to the former during a fiscal year."

Fiscal year is "the year by or for which accounts are reckoned." Statutory Construction Act, §101 (43), 46 PS §601. In boroughs the fiscal year begins January 1, for at that time, both under the old and new laws, the auditors and controllers cast up the accounts for the preceding year. General Borough Code, §29, 53 PS §12981.

True, laws affecting the budgets of political subdivisions are postponed to the beginning of the following fiscal year only if no different date is specified in the act itself. But we have demonstrated that the effective date specified in the Act is not operative, and hence we read the Act as though as effective date had not been specified.

Order and final decree affirmed.