Colove, Appellant, *v.* Robesonia Borough.

Argued April 14, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Robert Grey Bushong,* for appellant.

*George B. Balmer,* with him *Carl F. Mogel,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1950:

This appeal is by a real estate owner from a decree of a court in equity, refusing to issue an injunction to restrain a borough from proceeding further in a land

condemnation proceeding. It was averred that under the applicable Act of Assembly the borough is not authorized to obligate itself more than $11,614.53 for the land, but that plaintiff and his witnesses testify that the value of the land is greatly in excess of that sum. The condemnation proceedings have reached the point where viewers should be appointed to take testimony and assess damages. The court below regarded the present application premature because there has been no award of damages and the amount thereof is therefore still undetermined. The bill was retained, however, in the interest of both parties, should occasion arise for equitable relief in the future. The owner has appealed.

The statutory procedure in condemnation of land by a borough for park purposes was being followed: Act of May 4, 1927, P. L. 519, Art. XXVII, 53 PS 14901, et seq. Article XIV, section 1451, (53 PS 13493), of the Act of May 4, 1927, supra, permits a borough to withdraw an eminent domain proceeding and to repeal the ordinance provided the municipality has not taken possession. By Article XXVII, section 2715, 53 PS 14915, such action was required to be taken within thirty days after the report of the viewers was filed. The Act of July 10, 1947, P. L. 1621, removed the thirty day limitation. The effective date of the Act was January 1, 1948: *Sharpsburg Borough Annexation Case*, 163 Pa. Superior Ct. 84, 60 A. 2d 557. Section 2703, Article XXVII of the Act of 1927, supra, 53 PS 14903, prohibits a borough from obligating itself to pay, for any such condemned land for park purposes, "any sum exceeding one and one-half mills on the dollar on the assessed valuation of all property" without being approved by a majority of the electors. A loan was authorized by the voters for $10,000, which, with one and one-half mills of the assessed valuation of the borough, or $1,614.53, amounts to $11,614.53. The learned court below ruled

that under the cited statutes and ordinances the borough could not obligate itself to pay more than this sum for the land.

In support of his bill for injunctive relief appellant relies solely upon his own testimony and that of his expert witnesses that the land, sought to be taken by condemnation for park purposes, has a value of more than $25,000 and that the borough officers should have made an investigation as to its value before subjecting him "to vexatious and fruitless litigation." Such contention is without foundation. Until the viewers render their report it is useless to conjecture what the damages may be. Such valuation is subject to review and repeal, and, under the statute, if the value is in excess of what the borough officials desire to pay, the condemnation proceeding may be withdrawn. But should such value be fixed in excess of the amount which the borough is authorized to obligate itself, but none-the-less the borough proceeds to acquire the land at such valuation, it is then, and not until then, that equity will restrain the commission of such unlawful act. Cf. *Vickroy et al. v. Ferndale Borough,* 259 Pa. 321, 102 A. 958. Until this point is reached, appellant must follow the prescribed statutory procedure. Where the Legislature prescribes a method of procedure, it must be exclusively followed: *Keefer Estate,* 351 Pa. 343, 41 A. 2d 666; *Kane v. Morrison, Secretary of Commonwealth et al.,* 352 Pa. 611, 44 A. 2d 53; *Fahey Estate,* 356 Pa. 535, 52 A. 2d 580; *In re: Filing of Ordinance by the Borough of State College,* 104 Pa. Superior Ct. 211, 215, 158 A. 298.

Decree affirmed. Costs to abide the event.