# In re Falls Township Trailer Ordinance

*I. Louis Rubin*, for complainants.

*Willard S. Curtin*, for Falls Township Supervisors.

SATTERTHWAITE, J., May 19, 1952.—This is a complaint under the provisions of clause XLI of section 702 of the Second Class Township Code, 53 PS §19093-702, by which the complainants, allegedly aggrieved, contend that a certain ordinance adopted by the Supervisors of Falls Township relating to house trailers is illegal and void. The complaint alleges that complainants are the owners of land in Falls Township, part of which has been leased to others for the purpose of placing house trailers thereon. They contend that the ordinance in question will deprive them of the use of such land in that they will be unable to continue to lease the same for that purpose. The answer filed on behalf of the supervisors admits all of the matters of fact alleged in the complaint, and the case comes on for argument on the pure question of law as to whether or not this ordinance can be sustained. No question has been raised as to the procedure followed in adopting the ordinance.

The ordinance, by the first two sections, provides as follows:

"Section 1. That it shall be unlawful for any person or persons, corporation, partnership, unincorporated association, or any entity whatsoever, to place, store or park, or to permit to be placed, stored or parked, any trailer, or trailers, upon any private or public land or property within the limits, or boundary, of Falls Township, in the County of Bucks and Commonwealth of Pennsylvania.

"Section 2. A trailer, for the purposes of this ordinance, shall be defined as follows: Any structure or enclosed metallic or wooden body, or both, designed for human occupancy, which now is, or ever was, intended to be moved from place to place, either under its own power, or by any other means of locomotion, regardless of its size, composition, design or general

appearance, and which said structure, if it were to be moved on a public highway within the Commonwealth of Pennsylvania, would be required to be licensed in accordance with the provisions of the Motor Vehicle Code."

Section 3 provides for fines or penalties not to exceed $100 for each violation of the ordinance. Section 4 provides for a separate offense for every day that a trailer is maintained on land within the township after specified notice by a duly authorized official. Section 5 provides for imprisonment, in default of payment of the fines prescribed, for a period equaling one day for each dollar of fine and costs unpaid. Section 6 repeals certain prior ordinances and section 7 is a severability clause.

It is obvious, as complainants contend, that this ordinance is an absolute prohibition upon the presence or use of house trailers in Falls Township at any time, for any reason, or for any purpose other than uninterrupted transit through the municipality. The narrow question raised in this proceeding, therefore, is whether or not the Supervisors of Falls Township have the power to suppress and outlaw the presence and use of trailers in the manner stated. We think the answer is obvious that they have no such power.

The supervisors attempt to justify their exclusion of trailers on the ground that the occupants thereof do not contribute taxwise to the tremendously increased costs of local government arising out of the vast influx of population and general huge industrial expansion taking place in the township, although demanding and requiring the usual municipal functions, all of which is highly prejudical and discriminatory to property owners of the township. They apparently contend that their right so to prohibit trailers is inherent in their police powers as the legislative officers

of the township in order to provide for the general welfare of the inhabitants thereof. However, apart from any constitutional limitations which may be involved, they point to no provisions of law authorizing them to exercise their police powers on such a broad base and in such fashion as flatly to prohibit a lawful use of private property or to outlaw a legitimate business. Such would be the effect of this ordinance. While we fully recognize the difficulties, and even hardships, which have been thrust upon local government in southern Bucks County by the unprecedented and rapid changes taking place therein, nevertheless, recognized and well established principles of law cannot be sidetracked and overlooked by reason thereof. The supervisors must still act in the manner provided by law and cannot be allowed to ignore, under the guise of public welfare, limitations on their powers and authority. The problems facing them can be adjusted through other and lawful means; they simply have no power to short-cut their duties and responsibilities in the manner they did in adopting this ordinance.

" 'Nothing is better settled than that a municipal corporation does not possess and cannot exercise any other than the following powers: (1) Those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied' ": Valley Deposit and Trust Company of Belle Vernon, 311 Pa. 495; Wentz v. Philadelphia et al., 301 Pa. 261; American Aniline Products, Inc., v. Lock Haven, 288 Pa. 420; Lesley et al. v. Kite et al., 192 Pa. 268.

This principle is particularly applicable in the case of second class townships. The Second Class Township Code, as amended and reënacted by the Act of July 10, 1947, P. L. 1481, 53 PS §19093-101 et seq., contains no such grant of general powers as is provided in other municipal codifications recently enacted by the legislature. For example, clause LII of section 1502 of the First Class Township Code, as amended and reënacted by the Act of May 27, 1949, P. L. 1955, 53 PS §19092-1502, provides as follows:

"LII. General Powers. To make and adopt all such ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances, and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures."

Similar general and comprehensive grants of police power are contained in clause 60 of section 2403 of the Third Class City Code, as amended and reënacted by the Act of June 28, 1951, P. L. 662, 53 PS §12198-2403, and in clause LIV of section 1202 of the Borough Code, as amended and reënacted by the Act of July 10, 1947, P. L. 1621, 53 PS §13366, but no such provision appears in the Second Class Township Code.

It follows, therefore, particularly by way of extreme contrast to the powers conferred by the legislature upon other municipalities, that the supervisors of second class townships have only such powers as are expressly given by the Second Class Township Code or necessarily implied therein and incidental to the powers so expressly given. In our opinion, there is no provision in the Second Class Township Code which authorizes the flat prohibition attempted to be enacted in this case.

This conclusion is further supported by the very language of the Second Class Township Code itself. Under section 702 thereof, 53 PS §19093-702, there are certain specified and particular matters in which the supervisors may enact prohibitive ordinances. For example, by clause VIII they are authorized in making garbage regulations to prohibit accumulations of garbage and rubbish on private property; by clause XX they are authorized to prohibit the manufacture of fireworks or other inflammable or dangerous articles; by clause XXVI they are authorized to prohibit obstructions of roads, drains and bridges; by clause XXXV they are authorized to prohibit the running at large of dogs; by clause L they are authorized to prohibit the erection of wooden buildings in certain parts of the township. Nowhere in the code, however, are the supervisors authorized to prohibit the use of land for a lawful purpose or to outlaw legitimate business. Even their power to adopt ordinances is limited. Clause XLI of section 702 authorizes them: "To adopt ordinances prescribing the manner in which *such specific powers* of the township shall be carried out." (Italics supplied.)

The supervisors do have authority, under clause XII of section 702 of the code: "To prohibit nuisances, including but not limited to, accumulations of garbage and rubbish, and the storage of abandoned or junked automobiles, on private and public property, and the carrying on of any offensive manufacture or business."

But it is not contended that house trailers or even house trailer parks may be declared nuisances or offensive business enterprises per se; in fact, it has been held that they are not to be so characterized: Richards v. City of Pontiac et al., 305 Mich. 666, 9 N. W. 2d 885. Compare the language of Judge Arnold of the Superior Court in Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572, 575: "A house trailer is sim-

ply a mobile house. It is as much a dwelling as any house which is built on a foundation and therefore not mobile."

While it may be that the manner of use and occupation of a house trailer or the actual operation of a trailer park might, under particular circumstances, constitute a nuisance in fact, such possibility provides no warrant for outlawing them entirely. Significantly, even the ordinance in question seems tactily to recognize this inasmuch as there is no attempt therein to declare house trailers to be nuisances.

Supervisors of second class townships also have authority, under clause XXIV of section 702 of the code: "To regulate parking and provide parking accommodations so as to promote the convenience and protection of the public," and some argument was made that this provision authorizes the ordinance in question. Manifestly, however, the authority to *regulate* parking does not empower the municipal authorities to prohibit not only parking, but also the placing and storing of trailers, not only on the public highways or other places of public resort, but also on private property anywhere in the township. Even if we were so inclined, which we are not, we would be most reluctant, in the absence of persuasive authority requiring us to do so, to hold that the power conferred by clause XXIV extends beyond the highway or other public areas of the township.

Clause XXV of section 702 enables the township authorities to adopt and enforce zoning ordinances, but clearly this provision has no application in this case, even though trailers might be subject to such regulations: Commonwealth v. Helmuth, 73 D. & C. 370. This clause permits zoning regulations formulated, adopted and enforced in compliance with article XX of the code, secs. 2001-2010, inc., 53 PS §§19093-2001-2010, inc., but does not justify the ordinance in

question not adopted pursuant thereto: Kline et al. v. Harrisburg et al., 362 Pa. 438. Furthermore, the ordinance under consideration does not even purport to be a zoning ordinance; it deals only with one subject—house trailers; it has no application to any other uses of land or residence or business activity within the township. Similar observations might be made with respect to the powers conferred upon the supervisors by clause XXVII authorizing cesspool, sewer and drainage regulations (general regulations which might be applicable to trailer parks: Palumbo Appeal, 166 Pa. Superior Ct. 557) ; by clause XXIX authorizing health regulations; by clause XXXII authorizing fire prevention regulations; by clause L authorizing building regulations (to which house trailers may be made subject: Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572) ; or by clause LI authorizing building sanitation regulations. The simple fact is that the ordinance before us just does not purport to be for the purpose of regulating any of these things and has no general application to any use, activity or enterprise other than house trailers.

In our opinion, totally apart from any constitutional questions raised by complainants, the ordinance in question is clearly invalid as beyond the powers of the supervisors to enact, under the authority of Kline et al. v. Harrisburg et al., 362 Pa. 438.

In that case, after reciting that the City Planning Commission of Harrisburg had for several years been studying a proposed comprehensive zoning ordinance for the city and that it was necessary to maintain the status quo of the residential districts contemplated by such plan, and after describing certain residential districts, the city council passed an ordinance prohibiting the erection or construction within such residential districts of any building for purposes other than

single family detached dwellings. It was conceded that the formalities prescribed by the Third Class City law relating to the adoption of zoning ordinances were not complied with. Plaintiffs, owners of land within one of the residential districts specified, desired to erect an apartment building on their property and brought a bill of equity against the city to prohibit enforcement of this ordinance against them on the ground that it was beyond the power of the city council to enact. The Supreme Court, in a memorandum decision, affirmed the ruling of the Court of Common Pleas of Dauphin County holding the ordinance invalid. The city contended, notwithstanding that the council did not comply with the statutory provisions respecting zoning ordinances, that the authority to enact zoning ordinances, together with a specific grant of power under the Third Class City law to exercise general police powers, did authorize this ordinance. The court, however, rejected these arguments, expressly holding that neither the general police powers nor the power to enact a general zoning ordinance authorized such "interim" ordinance. The concluding paragraph of the opinion of Judge Woodside in the lower court is as follows (362 Pa. at 457) :

"In summarizing we point out that we start in this case with the proposition that before specific legislative authority to zone was given municipalities, they did not have the authority under their general powers to enact zoning ordinances; that the legislature then gave them power to enact zoning ordinances but specifically set forth what they *shall* do *before* they impose any regulations or restrictions. It is our opinion that the municipalities must comply with the provision of the statute relating to zoning before they can enact any restrictions. The ordinance before us containing restrictions was not enacted in accordance

with the provisions of the statute relating to zoning and is therefore void, and the defendants must be restrained from enforcing it. As the building permit would be issued except for the ordinance the building inspector must be directed to issue it."

In other words, notwithstanding that the Third Class City Law conferred very broad powers upon it, the City Council of Harrisburg was not empowered to enact a flat prohibition upon the erection of certain types of buildings, notwithstanding that they could have enacted zoning regulations which would have accomplished the same purpose.

Another similar case is Lower Merion Township v. Harrison, 84 Pa. Superior Ct. 574. There the question was whether or not the First Class Township Law, as it existed in 1921, authorized a building code by that township which purported not only to specify the mode of construction of buildings and the materials used therein, but also to classify buildings according to the uses to be made thereof and required an occupancy certificate before such building could be used. The Court of Common Pleas of Montgomery County held that the ordinance was valid. The Superior Court reversed, finding that although the township did have the power to adopt a building code, it had no authority, under the applicable law, to classify buildings according to use and to require such occupancy certificate. In the course of the opinion, Judge Keller commented as follows at page 579:

"It is undoubted that the State, in the exercise of its police power may adopt regulations limiting the use and occupancy of buildings; and that it may delegate such power to municipalities, or even to townships; but such a grant of power, with its necessary interference with the use and enjoyment of individual property, must be express and definite and not left to inference, nor read into statutes which are capable

of reasonable and sensible interpretation without it."

See also Kneedler v. Borough of Norristown, 100 Pa. 368, and other cases cited in Kline et al. v. Harrisburg et al., supra.

In our opinion, under these and other authorities, although the Falls Township Supervisors undoubtedly have power to adopt building regulations or zoning ordinances in the manner provided by law, which might regulate house trailers as part of the general scheme thereof, nevertheless they have no authority to single out trailers and flatly to prohibit them within the township. This is particularly true by reason of the absence, from the powers conferred upon second class townships, of a grant of broad, general police powers for the general welfare such as those given to other municipalities.

And now, May 19, 1952, it is ordered, adjudged and decreed that the aforesaid ordinance relating to the placing, storing or parking of trailers, as adopted by the Supervisors of Falls Township on February 5, 1952, is illegal, invalid, void and of no effect, costs to be paid by the township.