### Salaries and Expenses of District Justices

PACKEL, Attorney General, October 19, 1973.—You have requested our advice as to when Acts Nos. 68 and 69 of 1973 take effect. Both of these acts were passed on July 27, 1973. No. 68 amends the Magisterial Districts Act of December 2, 1968, P. L. 1131, 42 PS §1301, et seq., by, inter alia, increasing the salary payable by the Commonwealth to district justices in counties of the third to eighth classes. Similarly, Act No. 69 amends the Magisterial Districts Act for

Counties of the Second Class, Act of December 2, 1968, P. L. 1146, 42 PS §1401, et seq., by increasing the salary payable by the Commonwealth to district justices in counties of the second class. The acts also authorize the payment of expenses to district justices temporarily assigned to sit outside the political subdivision in which their magisterial district is located. These expenses are payable out of the county treasury.

Each of Acts Nos. 68 and 69 expressly provides that it shall become effective on July 1, 1973. Neither, however, was finally enacted until July 27, 1973. You have inquired as to when the acts will take effect.

In framing our response, we are guided by the provisions of the Statutory Construction Act of 1972, 1 PS §1501, et seq. (hereinafter act). Since Acts Nos. 68 and 69 do not make appropriations for the payment of the increased salaries and expenses, section 1702 of the act, which would make the acts effective immediately on July 27, 1973, is not applicable. If the acts had not included the provisions relating to additional expenses payable by the counties, section 1701(b)(2) of the increased salaries and expenses, section 1702 of the acts become effective 60 days after final enactment, or on September 25, 1973.

However, section 1703(5) of the act, which relates to statutes affecting the budget of any political subdivision, delays the effective date of a statute finally enacted after the effective date specified in the statute until "the beginning of the fiscal year of the political subdivision affected following the date of final enactment of the statute": 1 Pa. S. §1703(5). While in Christian v. Johnstown Police Pension Fund Association, 421 Pa. 240, 218 A. 2d 746 (1966), the Supreme Court gave this provision a narrow reading, holding that legislation providing for an increment in police pension fund allotments did not affect a city budget,

it seems clear that a statute which creates an additional expense payable currently out of the county treasury "affects" the budget of the county within the meaning of §1703(5). Under the Act of July 28, 1953, P. L. 723, sec. 1980, 16 PS §4980, and the Act of August 9, 1955, P. L. 323, sec. 1780, 16 PS §1780, the fiscal year of counties begins on January 1st of each year.

Accordingly, you are hereby advised that as much of Acts Nos. 68 and 69 relate to the payment to district justices from county funds will take effect on January 1, 1974.

The remaining question is whether the joinder of the additional expense item, payable by the counties, with the salary increase item, payable by the Commonwealth, operates to defer the salary increases to the beginnings of the respective fiscal years of the several counties of the Commonwealth. In Sharpsburg Borough Annexation Case, 163 Pa. Superior Ct. 84, 60 A. 2d 557 (1948), the court did not reach the question whether the predecessor provision to section 1703, 46 PS §504, repealed, "postpones the operation of an entire act or only those parts of it which actually touch upon and affect the budget": 163 Pa. Superior Ct. at 90, 60 A. 2d, at 560. At issue in Sharpsburg was whether the borough properly employed a method of annexation that had been repealed by The General Borough Code of July 10, 1947, P. L. 1621, 53 PS §12221, et seq., which provided a different method. The borough's action was upheld by the court on the ground that the new code did not take effect until January 1, 1948, since so many of the code's provisions affected the budgets of the political subdivisions involved.

The provisions of Acts Nos. 68 and 69 have no such uniformly broad effect on the budgets of political

subdivisions, and it is far from clear that we would be effectuating the intention of the General Assembly, as we are bound to do under section 1921(a) of the Statutory Construction Act, by holding that section 1703 of the act precludes a provision completely unrelated to one affecting the budget of a political subdivision from taking effect at an earlier date. Under section 1921(c) of the act, we may consider the "mischief to be remedied" by section 1703 in interpreting its meaning. The mischief was the legislative addition of new financial burdens on a political subdivision allocated. The salary increase provisions of Acts Nos. 68 and 69 which are payable by the Commonwealth, cannot affect the financial condition of the counties, and, hence, are not within the mischief at which section 1703 is aimed.

Moreover, from a practical point of view, we observe that in considering and passing legislation, the General Assembly does not act with the purposes of the Statutory Construction Act in mind. Had Acts Nos. 68 and 69 been passed before the intended effective date of July 1, 1973, they would have taken effect in the middle of the counties' fiscal year, notwithstanding the additional unanticipated burden on county budgets which section 1703(5) is in part designed to prevent. We do not believe that when the General Assembly enacted the Statutory Construction Act, it intended that section 1703 would be utilized to frustrate the effectuation of portions of statutes such as those at issue here which have no bearing whatsoever upon the budgets of political subdivisions.

In view of the narrow construction given to the predecessor of section 1703 in Christian, supra, we believe that its provisions should be limited strictly to those changes in the law to which it was directed, with the effect that section 1701 of the Statutory Con-

struction Act is applicable to those portions of Acts Nos. 68 and 69 which do not affect the budget of the counties. We note that under section 16(a) of Article 5 of the Constitution of 1968 there is no constitutional impediment to a September 25, 1973, effective date of the salary increases of the district justices.

Accordingly, it is our opinion, and you are hereby advised, that Acts Nos. 68 and 69 take effect September 25, 1973, except those provisions thereof which affect the budgets of the counties, which will take effect on January 1, 1974. Pursuant to section 512 of the Administrative Code, 71 PS §192, we have afforded the Department of the Auditor General the opportunity to present any views which it may have upon this question, and we are advised that it is in agreement with the conclusions expressed in this opinion.