**Heavy Equipment Finance Company**
**v. Murdock**

*J. David Ray*, for plaintiff.

*Harold F. Reed, Jr.*, for defendants.

SALMON, J., April 8, 1974.—On January 29, 1974, plaintiff presented its petition and obtained issuance of a rule upon Remmco Corporation to show cause why the replevin bond filed in this case should not be released. The rule was served upon Harold F. Reed, Jr., Esq., counsel of record for defendants. Plaintiff's counsel has filed an affidavit of service indicating service by certified mail upon Remmco Corporation as well as upon Mr. Reed. Defendants have filed no answer to the petition nor any other pleading, and the return day of the rule has passed. Plaintiff has now moved the court to make the rule absolute and release said replevin bond.

The record shows that plaintiff commenced this action in replevin on December 2, 1965. The Sheriff of Beaver County made a return of service indicating that the complaint was served on December 8, 1965, upon George A. Murco, which we suppose is intended to be Murdock, Earl M. Reed, Walter T. McCartney, and Remmco Corporation by making service upon

McCartney at a strip mine site in Beaver County. On January 3, 1965, a further return of service was made indicating that Earl M. Reed was served by deputized service in New Bethlehem, Clarion County, Pa.

On January 7, 1966, Harold F. Reed, Jr., Esq., entered an appearance for Walter T. McCartney and Remmco Corporation.

On January 21, 1966, Mr. Reed filed an answer to the complaint for defendants McCartney and Remmco Corporation. The answer appears to deny all of the essential allegations in the complaint concerning the right to possession of the equipment. The answer avers that Remmco Corporation is the only defendant having any interest in the equipment. As above indicated, the answer is filed by McCartney and Remmco only and would probably not be binding upon George A. Murdock and Earl M. Reed. On January 21, 1966, Reed, Orr & Reed, Esqs., also filed, on behalf of Murdock and Earl M. Reed, preliminary objections raising the question of jurisdiction in Beaver County. The nub of these objections appears to be that this court had no jurisdiction over Murdock and Earl M. Reed at any time, that the equipment in question was not owned by them and was the sole property of Remmco Corporation, and demanding judgment in favor of George A. Murdock and Earl M. Reed. On February 8, 1966, a praecipe for argument list was filed. The record does not indicate that the case was argued or the objections were disposed of by the court.

On February 10, 1966, defendants Walter T. McCartney and Remmco Corporation filed interrogatories to plaintiff. Answers were duly filed on March 18, 1966.

On October 28, 1966, plaintiff filed an affidavit of value describing six pieces of mechanical equipment and averring that the same have a value of $37,500.

Plaintiff filed therewith a bond in replevin with United States Fidelity and Guaranty Company as surety in the amount of $75,000. It is our understanding that the sheriff did replevy the equipment and delivered the same to plaintiff.

It also appears that the case was called for trial in May of 1966 and a mistrial resulted. There have been no further proceedings until the present petition and rule.

At all times here involved, the case is governed by the Pennsylvania Rules of Civil Procedure 1071, etc., which generally superseded the Replevin Act of April 19, 1901, P. L. 88, 12 PS §§ 1824, et seq. Rule 1073 provides, in pertinent part, as follows:

"Rule 1073. Commencement of Action

"(a) An action of replevin with bond shall be commenced by filing with the prothonotary a praecipe for a writ of replevin with bond, together with

"(1) the plaintiff's affidavit of the value of the property to be replevied, and

"(2) the plaintiff's bond in double the value of the property, with security approved by the prothonotary, naming the Commonwealth of Pennsylvania as obligee, *conditioned that if the plaintiff fails to maintain his right of possession of the property, he shall pay to the party entitled thereto the value of the property and all legal costs, fees and damages sustained by reason of the issuance of the writ."* (Italics supplied.)

The replevin bond filed by plaintiff is substantially in the language of the rule and intended to comply with it. The following rule becomes relevant:

"Rule 1080. Objections to Bond

"The court, upon petition filed by any party, and after notice and hearing, may

"(1) review the action of the prothonotary in approving or rejecting the security offered;

. "(2) increase or decrease the amount of any bond or require additional security for cause shown;

"(3) strike off a bond improperly filed; or

"(4) permit the substitution of a bond and enter an exoneration of a prior bond."

We call attention also to Rule 1083 as follows:

"Rule 1083. Judgment for Property When Defendant Is Not Served and Does Not Appear

"If the property has been replevied by the sheriff, the court, upon motion of the plaintiff after complaint filed and after forty-five (45) days from replevy of the property, may enter judgment against any defendant who has not been served and who has not appeared in the action."

The question presented to us is whether, in this state of the record, we have the power to declare the rule absolute and terminate the bond. After careful consideration, we are of the opinion that we lack that power. Plaintiff has cited us no authority in support of its motion. Our own research has revealed no such authority and, on the contrary, leads us to the opposite conclusion.

The bond was obviously given to comply with Pa. R. C. P. 1073, which means that the bond is conditioned that if plaintiff fails to maintain his right of possession he shall pay the value of the property and all legal costs, fees and damages sustained by reason of the issuance of the writ. Subsequent rules clearly outline the procedure which must be followed to accomplish a legal determination of the question whether plaintiff has maintained his right of possession or whether defendant is entitled to prevail.

In Berberian v. Lancaster Osteopathic Hospital Association, Inc., 395 Pa. 257, the Board of Directors of defendant hospital terminated the staff privileges

of plaintiff without complying with the procedure provided by the corporate bylaws of the hospital. The opinion by Mr. Chief Justice Jones says, at pages 263-64:

"The specification of a particular procedure, including procedural safeguards, is ordinarily the exclusive remedy to be pursued. Otherwise, such safeguards, including provisions for a hearing, would have no meaning. It is for this reason, inter alia, that this court has uniformly applied the rule that *if a remedy or method of procedure is provided by statute, its provisions shall be exclusively pursued and strictly applied:* Oteri Appeal, 372 Pa. 557, 561, 94 A. 2d 772; Colove v. Robesonia Borough, 364 Pa. 626, 628, 73 A. 2d 679, Barton v. Northampton County, 342 Pa. 163, 168, 19 A. 2d 263." (Italics supplied.)

For our present purpose, the Rules of Civil Procedure have equal standing with statutory provisions.

We have outlined the proceedings in this case for the purpose of pointing out that at least two of the defendants are represented by counsel of record and have filed an answer on the merits. Consequently, plaintiff is not in position to take a default judgment for the property under Rule 1083, supra. In these circumstances, the procedure prescribed by the Rules of Civil Procedure call for a trial on the merits to determine whether plaintiff should prevail and his bond be discharged or whether defendant is entitled to prevail. It appears to us that plaintiff is attempting to seek that determination by the use of a petition and rule. The effect of this procedure would be to circumvent the procedure required by law. A petition and rule may not be used in this manner as indicated by the Supreme Court in Berberian, supra.

In Woodward, Motions and Rules in Pennsylvania, 1934, we find the following, at page 19:

"Motions and rules being auxiliaries, cannot be

used to take the place of remedies already provided . . . and as a corollary to this principle, it follows that motions and rules cannot be used to provide a more adequate, speedy, or convenient remedy than that provided by law."

The same author at pages 34 and 35 sets forth a list of eight different rules seeking various types of relief under the heading "(5) As to security for goods replevied." These include the four types of objection under Rule 1080, supra, but the author apparently found no case in which any court had entertained a rule to terminate a replevin bond without increasing or decreasing the amount thereof or substituting a different surety. Neither has our own research revealed any such case.

We point out also that the Act of April 19, 1901, P. L. 88, sec. 10, as amended, 12 PS §1844, provides that suit upon a replevin bond must be commenced within a year and a day after the final determination of the suit in which the bond was given. In establishing this limitation upon such actions, the legislature has given the obligee in any such bond this period of time in which to bring his action and computes the period from the date of "final determination of the suit in which the bond was given." For us to grant plaintiff's present motion would be a clear violation of this statute.

In Rose Tree Fox Hunting Club v. Shoemaker, 61 D. & C. 2d 662, plaintiff brought an action in replevin with bond, was given possession of the goods by the sheriff, and then entered a discontinuance of the action. At the instance of defendant, a rule was issued on plaintiff to show cause why the discontinuance should not be stricken. In making the rule absolute, the opinion of the court (Shadle, J., now P. J., York County Court of Common Pleas) says in part:

"[B]y plaintiff's ex parte discontinuance defendant was not only deprived of possession of the articles in question, but was denied the right to litigate to finality his right to possession, and, if he prevailed, to establish what damages, if any, he suffered by being deprived of possession. It is clear without question that such deprivation is unreasonable inconvenience and prejudice. Were it not so, every replevin plaintiff could institute his action, recover the goods, and by a prompt discontinuance foreclose defendant from any right to be heard on the issue of right to possession and damages."

In York Ice Machinery Corporation v. Robbins, 323 Pa. 369 (1936), plaintiff commenced an action in replevin with bond. Defendant filed a counter-bond and retained possession of the property. Subsequently, defendant petitioned the court to quash the original writ of replevin on the ground that plaintiff's bond was defective because the corporate surety did not have on record the required certificate from the insurance commissioner. The Supreme Court in its opinion by Mr. Justice Barnes holds that the bond is valid despite lack of the certificate and says that defendants' motion was not timely made and that the posting of a counter-bond waived any defect in plaintiff's bond. The opinion then goes on to say, at page 372:

"However, since the plaintiff's bond is also security to defendant for damages and costs, a bond of plaintiff is required in the replevin action. Notwithstanding that defendant has retained possession of the goods sought to be replevied by counter-bond, *the bond of the plaintiff necessarily remains as security to defendant for his damages and costs incurred should he prevail in the action.*" (Italics supplied.)

In other words, the Supreme Court holds that, even

though a counter-bond has been given and the goods retained by defendant, plaintiff's bond must remain in effect as security for damages and costs should defendant prevail in the basic issue in the replevin action. See also Kadunce v. Beecher, 32 Westmoreland 255 (1950).

We conclude that, in the present state of this record, we must refuse plaintiff's motion to terminate the bond by making the rule absolute. We suggest plaintiff can accomplish this only by prevailing in a trial on the merits or by a discontinuance of the action joined in by plaintiff and defendants.

### ORDER

And now, April 8, 1974, for the reasons stated in the foregoing opinion, plaintiff's motion is denied and the rule heretofore issued is discharged.